# MARCH 25, 1942

## CARROL BROYLES v. THE STATE.

No. 21852. Delivered February 11, 1942.
Rehearing Denied March 25, 1942.

The opinion states the case.

*Sturgeon & Sturgeon*, of Pampa, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted upon his plea of guilty before the court without a jury on June 11, 1937, in the district court of Gray County and given a five-year suspended sentence. On the 18th day of May, 1939, he was again convicted in the United States District Court for the Northern District of Texas, Amarillo Division, and sentenced to two years in the federal penitentiary. On July 14, 1941, the district attorney instituted proceedings in the district court of Gray County to have the suspended sentence theretofore given revoked, setting out as ground therefor his subsequent conviction in the federal court. This was contested by appellant and the hearing resulted in a judgment being entered on July 22, 1941, revoking the suspended sentence and ordering that appellant be confined in the penitentiary for a period of not less than two years nor more than five years. From this judgment an appeal comes for our consideration.

The fact of the first conviction is without dispute, as also is the fact of the subsequent conviction in the federal court. The judgment in the first case was introduced in evidence and is before us. The attack is predicated principally on the proposition that there is not found in the record a statement of facts showing that evidence was introduced as required by Article 12, C. C. P. relating to pleas of guilty before the court without a jury. It has been frequently held by this court that it is necessary for the court to hear evidence, but we know of no holding and we find no basis in the statute for the contention that this evidence must be perpetuated. From the judgment we quote the following recitation relative to the matter:

"The State proceeded to introduce evidence into the record of this cause showing the guilt of the defendant; and the said evidence being accepted by the court as a basis for its verdict, and the court considering the same sufficient to support the defendant's plea of guilty and the charge of the indictment to which the defendant entered such plea, the court finds the defendant to be guilty of the charge in the indictment filed herein, to which the defendant entered his plea of guilty, and finds the defendant to be guilty of the offense of assault with intent to murder."

While the trial court, upon the hearing from which this appeal comes, seems to have had no independent recollection of the evidence that had been introduced or the fact of its introduction, yet, he recites that he knows that it was heard. The recorded judgment sustains him on this point and we are of the opinion that it is sufficient basis to sustain the judgment.

It is also contended that if the judgment of revocation should stand that the sentence should begin from June 11, 1937, instead of July 14, 1941. While this question has not been before the court for an exhaustive consideration, we think it has been definitely decided that the party cannot complain that he was required to serve the full term of the suspended sentence from the date of its revocation. (Clare v. State, 122 Cr. Rep. 211; 54 S. W. (2d) 127.)

The only questions presented to us do not in any way depend on the facts of the trial at which appellant received the suspended sentence. One of the complaints that appellant was not served with a certified copy of the indictment two whole days prior to the trial of such cause was waived by the appellant upon his plea of guilty before the trial judge. The further proposition relative to the introduction of testimony in the

original trial is refuted by the above copied portion of the judgment, as well as the affidavit of the trial judge present in this cause. Neither one of these propositions depend upon the statement of facts, and nowhere in this cause is it claimed that the facts in the original cause would fail to show appellant's guilt therein. We, therefore, think that upon the record herein presented, it is shown that appellant's rights have been properly protected.

There are other questions in the case which in our view are eliminated by this holding and by the fact of his plea of guilty and are not herein discussed.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant asserts that in the original disposition of this case we erred in two respects: First, because we held it was proper for the court, upon the revocation of the suspension of sentence, to sentence appellant to serve not less than two nor more than five years from the date of revocation of sentence instead of from the date of conviction; and, second, because the suspended sentence law Art. 776 C. C. P. is in contravention of the State and Federal Constitutions and that it is too indefinite, uncertain and ambiguous to be intelligently understood.

We will briefly discuss the first legal proposition asserted by appellant. The original opinion shows that appellant was first convicted and given a five-year suspended sentence. It is also shown that he was subsequently convicted of a felony and after the second conviction and while he was under suspension of sentence, the court revoked the suspension and sentenced him to serve not less than two nor more than five years from the date of revocation. He contends that this was wrong and highly improper; that it was double punishment. We are not in accord with him. The suspension of sentence is a valuable right which may be granted to one who has, for the first time, been convicted of a felony in case he chooses to apply for it. If he applies for a suspension of sentence and it is granted, he does not pay the penalty prescribed by law for the offense of which he was found guilty, but is on probation and permitted to evade the penalty and enjoys his liberty. However, if he is thereafter

560

convicted of another felony, he must pay the penalty prescribed by law for the first offense. To hold otherwise would be curtailing the punishment which the law prescribed and which the jury assessed against him. It would be tantamount to a commutation of the punishment by the court. This the courts are not authorized to do. We believe what we have said disposes of appellant's contention that the suspended sentence law is too vague, indefinite and uncertain. The remaining question as to the constitutionality of the law has already been decided adversely to appellant's contention in the following cases: Baker v. State, 70 Tex. Cr. R. 618, 158 S. W. 998, and Roberts v. State, 71 Tex. Cr. R. 77, 158 S. W. 1003. Hence we do not deem it necessary to again discuss the question.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.