DOUGLAS ROY FLETCHER V. STATE

No. 27,602. May 11, 1955
Appellant's Motion for Rehearing Denied
June 22, 1955
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) October 12, 1955

*Charles W. Tessmer*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Tom Thorpe* and *Charles S. Potts*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of marihuana; the punishment, three years in the penitentiary.

The record is before us without a statement of facts.

Eleven formal bills of exception appear in the record. These bills present appellant's exceptions to the rulings of the court in overruling his motions for an instructed verdict because of the alleged insufficiency of the evidence; exceptions to the rulings of the court on the admission and rejection of testimony; and to the refusal of the court to give certain charges requested by the appellant.

In the absence of a statement of facts, we are unable to pass upon the matters raised by these bills of exception. Welch v. State, 134 Texas Cr. R. 564, 116 S.W. 2d 389; Metcalf v. State, 156 Texas Cr. R. 575, 244 S.W. 2d 818; Whistler v. State, 244 S.W. 2d 818; Mason v. State, 244 S.W. 2d 216; Conde v. State, 252 S.W. 2d 195.

All proceedings appearing regular, the judgment of the trial court is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING

DICE, Judge.

Appellant in his motion for rehearing urges us to consider a statement of facts which has been filed in the trial court since our opinion was delivered on the original submission of the cause. Appellant has attached to the motion certain affidavits and insists that they show good cause for the late filing of the statement of facts.

The statement of facts now appearing in the record is shown to have been filed more than ninety days after the date notice of appeal was given.

This court may consider a statement of facts not filed within the time required by law when, and only when, the appellant shows that he used due diligence to procure the signature and approval of the judge, and to file the same in time, and that his failure to file the statement of facts in time was not due to the fault or laches of himself or his attorney, but was the result of causes beyond his control. 4 Texas Jur. p. 440, Sec. 306; Bailey v. State, 149 Texas Cr. R. 429, 195 S.W. 2d 361; Earp v. State, 156 Texas Cr. R. 110, 238 S.W. 2d 977.

After a careful consideration of the affidavits, we conclude that the matters stated therein do not bring appellant within the above rule which would permit us to consider the statement of facts now before us.

Appellant insists that the court's charge presents fundamental error in failing to give the statutory definition of marihuana, including the statutory exceptions relative to the mature stalk, non-resinous oils obtained from the seeds, and any products of the stalk except the resinous portion thereof.

The court in its charge defined a "narcotic drug" with the following instruction: "By a narcotic drug is meant, among other things, marihuana or any compound or preparation thereof."

The court's definition of marihuana is not fundamentally erroneous in view of the definitions found in Art. 725b, Vernon's Ann. P.C., which denominates marihuana as a narcotic drug. Valdez v. State, 135 Texas Cr. R. 201, 117 S.W. 2d 459; Fawcett v. State, 137 Texas Cr. R. 14, 127 S.W. 2d 905; and Hernandez v. State, 137 Texas Cr. R. 343, 129 S.W. 2d 301.

If appellant deemed it necessary that the exceptions found in the statute be explained to the jury, it was incumbent upon him to call the court's attention to the omission by objection, exception or requested charge. Arts. 658, 659, V.A.C.C.P.

Appellant's contention that the indictment is insufficient to charge an offense is overruled. The indictment, in charging appellant with the unlawful possession of a narcotic drug, alleged "did then and there unlawfully possess a narcotic drug, to-wit: marihuana * * * ." Such an allegation is sufficient to charge an offense under the statute. Fawcett v. State, supra.

The motion for rehearing is overruled.

Opinion approved by the court.