RUDY ESCAMILLA V. STATE

No. 27,718. November 9, 1955
Motion for Rehearing Denied
(Without Written Opinion) January 11, 1956

*Porter, Vann & Madalinski,* by *Wm. M. Porter,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, and *Roy R. Barrera,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for possession of marihuana, with punishment assessed at three years in the penitentiary.

Officers apprehended appellant and one Quintero seated in an automobile on the public streets of San Antonio. Approximately a half pound of bulk marihuana, wrapped in a newspaper, was found in the front seat of the automobile. Both appellant and Quintero were arrested.

The officers thereafter searched appellant's home, by authority of a search warrant, and found therein, hidden in a stove flue, twenty-two marihuana cigarettes.

The appellant did not testify.

No request was made to have the state elect as between the two transactions.

The case was submitted under a general charge, with a verdict finding appellant guilty, as charged.

The conviction may be applied to the transaction finding support in the evidence.

The finding of the marihuana in the residence authorized the jury's verdict.

Appellant filed a motion the effect of which was to ask that the jury wheel filled prior to the effective date of the constitutional amendment, giving to women the right of jury service be set aside and that a new jury wheel be supplied with the names of both males and females thereon.

As presented, the motion does not reflect error, for the reason that the matter is presented here only by the allegation of the motion; the facts alleged therein are not authenticated. The motion, as here presented, then, is only a pleading and does not establish as true the allegations contained therein.

Appellant complains because of the overruling of his challenge for cause to a juror he claimed was disqualified. The bill of exception fails to reflect that the juror was selected and was a member of the jury that tried the case.

As here presented, there is an absence of a showing of injury to the appellant.

In closing argument, state's counsel referred to the appellant as a " 'peddler' " of marihuana. Upon objection, the trial court promptly withdrew the reference from the jury's consideration.

In the light of the facts and the punishment assessed, we cannot bring ourselves to conclude that appellant was prejudiced notwithstanding the withdrawal.

The indictment charged the unlawful "possession" of "a narcotic drug, to-wit: marihuana."

This was sufficient, and rendered without merit appellant's claim of indefiniteness. Medina v. State, 149 Texas Cr. R. 249, 193 S.W. 2d 196.

No reversible error appearing, the judgment is affirmed.