JIMMY A. McMILLAN V. STATE.

No. 29,486. January 29, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 5, 1958.

16

*Dunnam, Dunnam & Dunnam,* Waco, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from revocation of probation.

The record before us reveals that the appellant was convicted of the offense of driving while intoxicated, in the County Court at Law of McLennan County on February 6, 1954. He plead guilty to the offense of driving while intoxicated as a second offender in the district court of Hill County on February 28, 1957, and received probation. He did not appeal this conviction. On June 20, 1957, he was arrested for driving while intoxicated in Bosque County, and the probation formerly granted him was revoked; and he brings this appeal. The sufficiency of the evidence introduced at the hearing on revocation is not challenged, and we deem the same sufficient to support the order of revocation.

This court has held in Gossett v. State, 162 Texas Crim. Rep. 52, 282 S.W. 2d 59, that the Adult Probation and Parole Law authorizes an appeal when probation is granted and that a probationer who does not avail himself of such right of appeal waives the same.

In view of this holding, we must confine ourselves to a determination of whether the trial judge abused his discretion in revoking the probation.

The judgment is affirmed.

Judge Davidson remains convinced of the soundness of his

views expressed in his dissent in Gossett, supra, and is of the opinion that we should consider this as an appeal from the felony conviction and not limit the same to the revocation of probation.