MAURICE RASH V. STATE.

No. 30,480. February 25, 1959.
Motion for Rehearing Overruled April 1, 1959.
Second Motion for Rehearing Overruled April 22, 1959.

*Charles S. McMillan,* San Augustine, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

PER CURIAM:

This is an appeal from an order revoking probation and imposing a sentence of two years for felony theft.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.

ON MOTION FOR REHEARING

DICE, Judge.

The record now contains separate statements of fact of the evidence adduced upon the main trial and upon the hearing of the state's motion to revoke probation which appellant asks us to consider although they were not filed within 90 days from the date he gave notice of appeal. Appellant insists that we should consider the statements of fact under the rule announced in Fletcher v. State, 162 Texas Cr. Rep. 100, 282 S.W. 2d 230, because the delay in filing was not due to the fault or laches of himself or his attorney but was the result of causes beyond his control. In support of his contention appellant has furnished us with an affidavit of the official court reporter in which the reporter states, in substance, that on the day after notice of appeal was given appellant's counsel requested him to prepare the statements of fact in the cause and that, due to his regular courtroom duties and preparation of statements of fact in other causes, he was delayed in furnishing the statements of fact to the appellant until after the 90 day period had expired.

To come within the rule stated in Fletcher v. State, supra, it was incumbent upon appellant to show that he used due diligence to procure and file the statements of fact within the time required by law.

The record in the instant case does not show the exercise of such diligence. Other than requesting the court reporter to prepare the statements of fact it is not shown that appellant made any effort to secure and file the statements of fact within

the time required by law. Upon the reporter's failure to furnish the statements of fact within a reasonable time, it was appellant's duty to resort to proper legal process to compel him to do so, and the failure to take such action or make any effort to invoke the aid of the court, shows a lack of diligence on his part to secure and file the statements of fact within the time allowed. Fleming v. State, 161 Texas Cr. Rep. 519, 279 S.W. 2d 340.

Under the record we are not authorized to consider the statements of fact filed herein.

In the absence of a statement of facts of the evidence adduced upon the hearing of the state's motion to revoke probation which can be considered, we are unable to pass upon appellant's contention that the court abused his discretion in revoking probation. Appellant's further contention that the evidence introduced at the original trial was insufficient to support the conviction cannot be considered, not only because the statement of facts of the evidence was not filed within the time required by law, but also because the appellant, by failing to appeal to this court when placed on probation, waived his right to appeal for a review of the trial and conviction when he was placed on probation. Gossett v. State, 162 Texas Cr. Rep. 52, 282 S.W. 2d 59, and McMillan v. State, 166 Texas Cr. Rep. 15, 310 S.W. 2d 116.

The motion for rehearing is overruled.

Opinion approved by the Court.