LARRY JOE MILLER V. STATE.

No. 30,539. November 11, 1959.
Motion for Rehearing Overruled January 6, 1960.

DAVIDSON, Judge, dissented.

*Bill Jones* and *Charles W. Tessmer*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Homer Montgomery, William F. Alexander, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

On April 4, 1958 appellant was convicted upon a plea of guilty in Criminal District Court No. 3 of Dallas County, of the offense of unlawfully possessing a narcotic drug and his punishment assessed at confinement in the penitentiary for 10 years.

Execution of sentence was suspended and appellant was placed on probation upon certain terms and conditions; among them being that during the term of probation "The defendant shall: (a) Commit no offense against the laws of this or any other state or the United States; (c) Avoid persons or places of disreputable or harmful character and (g) Remain within a specified place, to-wit: Dallas County, Texas.

Thereafter, on September 19, 1958 and September 22, 1958, an original and supplemental written report was filed with the trial judge by the probation officer of said court setting out that appellant had violated the said terms and conditions of probation.

On October 3, 1958, the trial judge, after notice and hearing, entered his order revoking the probation and imposed sentence upon appellant upon a finding that he had violated the said terms and conditions of probation.

From such order appellant has prosecuted this appeal.

At the hearing the state called the probation officer as a witness who testified that in a conversation with the appellant, during the last week in April, 1958, the appellant told him that he had gone to Fort Worth and was arrested and charged in Tarrant County on April 24, 1958 with being drunk and that he paid his fine.. The officer further stated that in the same conversation appellant told him that he had been arrested in Highland Park and charged with vagrancy and that a fine was paid. It was shown by the testimony of a deputy sheriff that appellant's arrest and conviction for vagrancy in the corporation court of the city of Highland Park was on April 19, 1958. It

was further shown that on September 17, 1958, the appellant stopped on a road in Dallas County at a place which was under surveillance by certain officers and there took possession of a fruit jar containing a substance which one of the officers testified he observed and that in his opinion it was marijuana. It was further shown that on September 21, 1958 appellant was arrested under a warrant charging him with violation of the Uniform Narcotic Drug Act.

Appellant called as a witness Dr. Sidney Lee, a chemist, who testified that a visual examination of a substance was insufficient to determine whether it was marijuana and that the proper test was by chemical analysis. Appellant also called both his father and mother who testified in substance that he was not a vagrant during the time he was on probation.

Appellant insists that the trial court abused his discretion in revoking the probation because the evidence was insufficient to justify such action.

With such contention we do not agree.

The evidence clearly shows that during the period of appellant's probation he possessed the fruit jar which the officer testified contained marijuana. Before expressing his opinion that the substance which he observed in the jar, was marijuana, the officer testified that he had been with the Narcotics Bureau of the Dallas Police Department for eighteen months and that he was acquainted with and had seen much marijuana and could recognize marijuana when he saw it. The officer's testimony was sufficient to show his qualifications to testify as an expert and the opinion expressed by him was sufficient to show that appellant did possess marijuana. Hernandez v. State, 137 Texas Cr. Rep. 343, 129 S.W. 2d 301, and Alcala v. State, 163 Texas Cr. Rep. 423, 293 S.W. 2d 645. Such evidence was sufficient to support the trial court's findings that appellant had violated condition "a" of the probation which provided that he could "Commit no offense against the laws of this or any other state or the United States." The evidence of appellant's convictions in Tarrant County for being drunk and in Dallas County for vagrancy after he was granted probation was also sufficient to sustain the court's finding that he had violated said condition of probation.

The testimony given by the probation officers that appellant told him he had gone to Fort Worth in Tarrant County on either

the 23rd or 24th of April, 1958 was sufficient to support the trial court's conclusion that appellant had violated condition "g" of the probation which provided that he "remain within a specified place, to-wit: Dallas County, Texas." We find no merit in appellant's contention that such condition is void for uncertainty. Among the conditions enumerated in Section 6 of Article 781d, V.A.C.C.P. which may be imposed by the court upon a probationer is the condition that he remain within a specified place. A condition so providing is clearly definite and certain. Nor do we agree with appellant that before a probationer can be held to have violated such a condition it must be shown that he left the specified place with the intention of changing his domicile. We are further unable to agree with appellant that because of the probation officer's delay of approximately five months in reporting to the court the matter of appellant having gone to Tarrant County and having been convicted of drunkenness and vagrancy that such matters could not be used as a basis for the revocation of the probation. Section 8 of Article 781d., supra, provides "At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested." Appellant's arrest upon order of the court in the instant case was during the period of probation and was in conformity with said provision of the statute.

Appellant's remaining contention relates to the validity of the original judgment of conviction rendered against him by the court when he was placed upon probation. By failing to appeal to this court when he was placed upon probation, appellant waived his right to a review of the original trial and conviction; therefore such matter is not, in this proceeding properly before us. Gossett v. State, 162 Texas Cr. Rep. 52, 282 S.W. 2d 59; McMillian v. State, 166 Texas Cr. Rep. 15, 310 S.W. 2d 116 and Rash v. State, (page 33 of this volume) 323 S.W. 2d 53.

Finding the evidence sufficient to support the court's order revoking probation and no abuse of discretion being shown, the judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, (dissenting).

This appellant's parole was revoked by reason of his violation of the terms and conditions thereof by violating the laws of this state.

The trial judge found appellant guilty of those violations and, upon that finding, revoked the parole and ordered him to the penitentiary, without which adjudication the probation would yet be in force.

So this man goes to the penitentiary not because he has been lawfully indicted, tried, and found guilty of violating the laws of this state but because he has been judicially tried and by judicial decree convicted of such violations, all without the semblance of an indictment and trial by jury.

I have expressed myself upon the subject of revoking parole without according a trial by jury. Leija v. State, 167 Texas Cr. Rep. 300, 320 S.W. 2d 3; Gossett v. State, 162 Texas Cr. Rep. 52, 282 S.W. 2d 59.

I dissent to the affirmance of this case.