**Charles CHAVEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36599.**

Court of Criminal Appeals of Texas.

Feb. 26, 1964.

Phill R. Pickett, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Joseph D. Valdez, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was charged by indictment under Art. 602–A, Vernon's Ann.P.C., as a second offender, of wilfully deserting, neglecting, and refusing to provide for the support and maintenance of his minor children under eighteen years of age. When the case was called for trial, appellant entered a plea of guilty, waived a trial by jury, and made application for probation of sentence, under the provisions of the Texas Adult Probation and Parole Law.

The court, after receiving the plea and hearing evidence adduced thereon, rendered judgment finding appellant guilty as charged and assessed his punishment at confinement in the penitentiary for thirty months.

In the judgment, it was ordered by the court that the imposition of sentence be suspended and that appellant be placed on probation upon certain terms and conditions, among them being that he would make certain child-support payments and would report in person each month to the adult-probation officer of Bexar County.

Thereafter, at a subsequent term, upon motion being made by the state and after a hearing, an order was entered by the court revoking the probation, upon a finding that appellant had violated the above-named conditions of probation. The court then proceeded to pronounce sentence upon him.

It is from such sentence and order revoking probation that appellant prosecutes this appeal.

In the appeal, appellant questions the sufficiency of the allegations of the indictment and the sufficiency of the evidence adduced upon the trial to support the judgment of conviction.

By failing to appeal when he was placed on probation, appellant waived his right to a review of the original trial and conviction and such questions are therefore not properly before us. Gossett v. State, 162 Tex.Cr.R. 52, 282 S.W.2d 59; McMillan v. State, 166 Tex.Cr.R. 15, 310 S.W.2d 116; Rash v. State, 168 Tex.Cr.R. 33, 323 S.W.2d 53; Porter v. State, Tex.Cr.App., 335 S.W.2d 838; Lee v. State, Tex.Cr.App., 355 S.W.2d 715.

The evidence presented upon the hearing of the state's motion to revoke the probation amply supports the court's order. No abuse of discretion is shown.

We overrule appellant's contention that Art. 602–A, supra, is so indefinitely framed and of such doubtful construction as to be invalid and inoperative.

The judgment is affirmed.

Opinion approved by the court.