**William Arthur WILKERSON, alias Bo Wilkerson, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38461.**

Court of Criminal Appeals of Texas.

Nov. 10, 1965.

James E. Faulkner, Coldsprings, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order revoking probation.

On April 5, 1960, appellant was convicted in the 75th Judicial District Court of Liberty County, upon his plea of guilty and waiver of a trial by jury, of the offense of robbery by assault and his punishment was assessed at confinement in the penitentiary for a term of seven years.

Execution of sentence was suspended by the court and appellant was placed on probation upon certain terms and conditions, among them being that he commit no offense against the laws of this state or any other state or the United States.

On March 31, 1965, a petition was filed by the state to revoke the probation, which alleged that appellant had violated the terms of his probation by—among other things— twice driving a motor vehicle upon a public highway while intoxicated. For the first offense appellant had been finally convicted, and an indictment was then pending against him for the subsequent offense.

On April 30, 1965, an order was entered by the court after a hearing finding that appellant had violated the terms and conditions of probation and ordering the same revoked.

Motion for new trial was duly filed, and, upon being overruled by the trial court, appellant gave notice of appeal to this court.

The record contains no statement of facts of the evidence adduced upon the hearing to revoke probation and no request appears to have been made for the same.

In appeals of this nature, this court's review is limited to a determination of whether the trial judge abused his discretion in revoking probation. Wicker v. State, Tex.Cr.App., 378 S.W.2d 332.

In the absence of a statement of facts of the evidence adduced upon the hearing, we are unable to determine whether the court abused his discretion. Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583.

It is insisted that certain errors were committed in the original trial and that the evidence introduced was insufficient to support the conviction.

By failing to appeal when he was placed on probation, appellant waived his right to a review of the original trial and the contentions now urged are not properly before us for review. Gossett v. State, 162 Tex.Cr.R. 52, 282 S.W.2d 59; Rash v. State, 168 Tex.Cr.R. 33, 323 S.W.2d 53; Chavez v. State, Tex.Cr.App., 375 S.W.2d 729, and cases therein cited.

For the same reason, no error may be predicated upon the court reporter's inability to comply with appellant's request that he be furnished a statement of facts of the evidence adduced upon the original trial.

We overrule the contention that the court committed fundamental error in ordering execution of the judgment and sentence without giving appellant credit for the five years he had served while on probation, in view of that provision of Sec. 8 of Art. 781d, Vernon's Ann.C.C.P., which reads as follows:

"No part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve."

The judgment of the trial court is affirmed.

Opinion approved by the court.