**Danny HOSKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40787.**

Court of Criminal Appeals of Texas.

Dec. 6, 1967.

Rehearing Denied Feb. 28, 1968.

Second Rehearing Denied April 10, 1968.

John R. Lee, Kermit, for appellant.

Don M. Nugent, Dist. Atty., Kermit, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order revoking probation.

Upon his plea of guilty before the court on June 7, 1966, the appellant was found guilty of burglary of a coin operated machine and his punishment was assessed at a term of three years.

The imposition of sentence was suspended and the appellant was placed on probation.

Among the eleven conditions of his probation was that he commit no offense against the laws of this state.

Following the granting of probation, the district attorney filed a motion and later an amended motion to revoke probation alleging that appellant had committed numerous violations of the laws of this state, listing and describing the acts constituting the violations.

On the hearing, evidence was introduced which supported the allegations of the amended motion to revoke.

At the conclusion of the hearing, the court entered its order finding that the appellant had violated certain named conditions of the order granting probation.

It is from the order revoking probation and the pronouncement of sentence that appellant prosecutes his appeal.

As grounds for reversal, the appellant contends that the trial court "erred in revoking Defendant's Probated Sentence for the reason that the Judgment of Conviction was found, determined and entered without the introduction of any evidence of Defendant's guilt and without affording Defendant the opportunity to be confronted by his accuser and/or accusers and the witnesses against him and is therefore illegal and invalid."

Further, the grounds relied upon by the appellant were not raised in the hearing on the state's motion to revoke probation.

■ While it alone does not authorize conviction when trial by jury is waived and a plea of guilty to a felony charge is entered before a trial judge, such plea constitutes an admission of guilt. Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460. See Article 1.15, Vernon's Ann.C.C.P.

The judgment reflects that appellant's plea of guilty followed the reading of indictment; that he was represented by counsel, waived trial by jury, was duly admonished by the court of the consequences of his plea and persisted in said plea of guilty. The judgment further recites that after hearing the evidence submitted, the court found the appellant guilty.

The record before us reflects that some evidence was heard on appellant's plea of guilty including appellant's own testimony. Appellant contends, however, that none of the evidence offered shows appellant's guilt.

We observe that the clerk's certificate shows that the record before us contains true and correct copies of all proceedings in this cause directed by counsel to be included in the transcript. It does not reflect that all proceedings had in the cause are included.

■ Be that as it may, the sufficiency of the evidence to support the allegations of the indictment may not be inquired into in these proceedings.

■ In an appeal from an order revoking probation, this court's review is limited to the question of whether an abuse of the trial court's discretion is shown. Chavez v. State, Tex.Cr.App., 375 S.W.2d 729.

■ Some evidence having been introduced at his trial on a plea of guilty, appellant's contention that the court abused his discretion in revoking probation is overruled.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR RE-HEARING

ONION, Judge.

In his motion for re-hearing appellant takes the position that while the trial court had adequate grounds to revoke probation, it erred in doing so because the judgment of conviction upon which the sentence was imposed is illegal and invalid.

It is his contention that the failure of the state to present sufficient evidence to demonstrate appellant's guilt at the time of his guilty plea in accordance with Article 1.15, V.A.C.C.P., prevented the trial judge from entering a valid judgment upon which a proper revocation of probation could be based, and to do so deprived him

of due process required by the United States Constitution.

■ This Court has consistently held under Articles 781b and 781d, V.A.C.C.P., as well as present Article 42.12, V.A. C.C.P., that in an appeal from an order revoking probation the review by this Court is limited to the propriety of the revocation itself (whether the trial judge abused his discretion) and does not include a review of the original conviction. Bills v. State, Tex.Cr.App., 258 S.W.2d 804; Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.2d 317; Lynch v. State, 159 Tex. Cr.R. 267, 263 S.W.2d 158; Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589; Graves v. State, 158 Tex.Cr.R. 429, 256 S.W.2d 576; Gossett v. State, 162 Tex.Cr.R. 52, 282 S.W.2d 59; McMillan v. State, 166 Tex.Cr.R. 15, 310 S.W.2d 116, Rash' v. State, 168 Tex.Cr.R. 33, 323 S.W.2d 53; Miller v. State, 168 Tex.Cr.R. 570, 330 S.W.2d 466; Stratmon v. State, 169 Tex. Cr.R. 188, 333 S.W.2d 135; Oberlender v. State, 169 Tex.Cr.R. 307, 334 S.W.2d 186; Porter v. State, 169 Tex.Cr.R. 585, 335 S. W.2d 838; Lee v. State, 172 Tex.Cr.R. 240, 355 S.W.2d 715; Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566; Chavez v. State, Tex.Cr.App., 375 S.W.2d 729; Wicker v. State, Tex.Cr.App., 378 S.W.2d 332; McDonald v. State, Tex.Cr.App., 393 S.W.2d 914; Wilkerson v. State, Tex.Cr. App., 395 S.W.2d 618; Torres v. State, Tex.Cr.App., 403 S.W.2d 135; McKnight v. State, Tex.Cr.App., 409 S.W.2d 858; Manning v. State, Tex.Cr.App., 412 SW.2d 656; Anderson v. State, Tex.Cr.App., 423 S.W.2d 596 (No. 41,067).

In Stratmon v. State, supra, this Court refused to declare the Adult Probation law (Article 781d–1957) unconstitutional on the grounds that it was indefinite or uncertain or violated guarantees of due process or equal protection of the law for failure to clearly provide that review on appeal of a probationary revocation should be limited to a question of whether an abuse of discretion is shown.

In Gossett v. State, supra, this Court held that the Adult Probation law provides the right of appeal shall be accorded the defendant at the time of the granting of probation, but it is waived by the failure to exercise the right of appeal at that time. See also McMillan v. State, supra; Article 42.12, Sec. 8, V.A.C.C.P.

In Wilkerson v. State, Tex.Cr.App., 395 S.W.2d 618, where the appellant had plead guilty at the time of the original trial, this Court said:

"It is insisted that certain errors were committed in the original trial and that the evidence introduced was insufficient to support the conviction.

"By failing to appeal when he was placed on probation, appellant waived his right to a review of the original trial and the contentions now urged are not properly before us for review. Gossett v. State, 162 Tex.Cr.R. 52, 282 S.W.2d 59; Rash v. State, 168 Tex.Cr.R. 33, 323 S.W.2d 53; Chavez v. State, Tex. Cr.App., 375 S.W.2d 729, and cases therein cited.

"For the same reason, no error may be predicated upon the court reporter's inability to comply with appellant's request that he be furnished a statement of facts of the evidence adduced upon the original trial."

In Chavez v. State, supra, it is observed that on appeal from revocation of probation appellant attempted to challenge not only the sufficiency of evidence to support his original plea of guilty but the allegations of the indictment as well.

The 1965 Code of Criminal Procedure (Article 42.12) contains substantially the same provisions for the granting of probation by the judge and for revocation of probation and the right of appeal as the superseded Article 781d (which itself had superseded Article 781b). Its enactment in effect adopted the construction placed upon the same provisions of the prior statutes

by the decisions of this Court. See Stratmon v. State, supra.

■ The appellant, having failed to appeal at the time of his original conviction, waived his right of review of that conviction and the contention he now urges is not properly before us for review.

To sustain appellant's position would mean that an accused could waive trial by jury in a felony less than capital, plead guilty before the court, be properly admonished by the court as to the consequences of his plea, have the court enter judgment finding sufficient evidence was heard, accept leniency in the form of probation without any effort to withdraw the plea prior to judgment or to file a motion for new trial or to appeal, but if probation is ever subsequently revoked (in some cases within a ten-year period) then question for the first time the sufficiency of the evidence offered at his original plea of guilty.

■ We are not unmindful of the requirements of Article 1.15, V.A.C.C.P. (former Article 12) that the state has the burden of introducing evidence sufficient to support the guilt of the defendant, but such evidence need not be perpetuated, Broyles v. State, 143 Tex.Cr.R. 556, 159 S.W.2d 881, except where stipulated evidence is used. If the state has not discharged its burden in this regard, the cause on direct appeal will be reversed.

Former Article 12, supra, had application only to pleas of guilty or nolo contendere, while Article 1.15, supra, applies to all felonies less than capital[1] where a jury is waived and a defendant enters "a plea" before the court.

It is further observed under the 1965 Code of Criminal Procedure that upon a withdrawal of a plea of guilty or nolo contendere in a felony case less than capital, or a change of the plea to not guilty where a jury trial has been waived, the trial court no longer loses jurisdiction to proceed with the cause. Under the former Code a plea of not guilty in all felony cases had to be heard before a jury, and upon a change of plea after a commencement of trial before the court upon a plea of guilty or nolo contendere the trial court lost competent jurisdiction to proceed.

The rule established in Texas since 1931 requiring evidence sufficient to support a defendant's guilt upon his plea of guilty before the court in a felony less than capital is different from the rule in federal courts and many other jurisdictions. It is even different from our own rule where the plea of guilty is entered in a felony case before a jury. Miller v. State, Tex. Cr.App., 412 S.W.2d 650; Anderson v. State, 118 Tex.Cr.R. 194, 42 S.W.2d 1012. Further, it is unlike our rule in pleas of guilty in misdemeanor cases. Article 27.14, V.A.C.C.P.; Carter v. State, Tex.Cr.App., 400 S.W.2d 571; Foster v. State, Tex.Cr. App., 422 S.W.2d 447; Albrecht v. State Tex.Cr.App., 424 S.W.2d 447.

■ The provision of Article 1.15, supra, requiring the production of sufficient evidence by the state to support a guilty plea affords a defendant an additional procedural safeguard, but when a defendant accepts probation and the right of appeal from the original trial is by-passed, then the defendant must be considered as having waived the right to question the sufficiency of the evidence. In applying this "waiver" rule, no distinction can reasonably be made between cases where all the evidence adduced on the plea has been perpetuated and brought forward on appeal from those cases where it has not.

■ With reference to appellant's claim of deprivation of federal constitutional due process, attention is directed to Bee v. Beto, 384 F.2d 925, wherein the Fifth Circuit Court of Appeals held that a guilty plea entered by a Texas state defend-

---

1. Article 1.15, supra, as amended in 1967, also applies to capital cases where the state has waived the death penalty.

ant was conclusive as to the defendant's guilt, admitted all facts charged in the indictment and waived all nonjurisdictional defects, citing White v. Beto, 367 F.2d 557; Law v. Beto, 370 F.2d 369 and Haynes v. United States, 372 F.2d 651.

Appellant's motion for re-hearing is overruled.