**Billy Earl PITTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41858.**

Court of Criminal Appeals of Texas.

April 30, 1969.

Donald L. Denbow, Wichita Falls, Court appointed on appeal, for appellant.

Jim Phagan, Dist. Atty., Wichita Falls, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

On November 11, 1966, appellant pleaded guilty before the court to an indictment charging him and four others with the offense of robbery, and the court assessed his punishment at 10 years in the Texas Department of Corrections and granted probation. No notice of appeal was given at the time probation was granted.

On August 10, 1967, the trial court, Hon. Floyd Jones presiding, after hearing on the application of the district attorney to revoke, found that appellant had violated the terms of said probation "by committing the offense of robbery by assault on the 22nd day of July, 1967; by committing the

offense of malicious destruction of personal property on the 22nd day of July, 1967; by using and drinking alcoholic beverages; frequenting bars contrary to the terms of his probation * * *."

Sentence was not pronounced until November 22, 1967, on which date Judge Floyd Jones sentenced appellant to a term of not less than 5 years nor more than 10 years, sentence to begin August 10, 1967.

On November 29, 1967, appellant gave written notice of appeal "from both his conviction of a criminal offense and sentencing thereof and also the revocation of the probation and sentencing thereof."

■ The record includes a transcript of the evidence adduced at the revocation hearing on August 10, 1967, at which appellant was represented by counsel, which fully supports the court's order revoking probation.

■ The right of appellant to appeal for a review of his trial and conviction was at the time he was placed on probation on November 11, 1966. Art. 42.12, Sec. 8, Vernon's Ann.C.C.P.; McMillan v. State, 166 Tex.Cr.R. 15, 310 S.W.2d 116; Miller v. State, 168 Tex.Cr.R. 570, 330 S.W.2d 466; Chavez v. State, Tex.Cr.App., 375 S.W.2d 729.

The appeal that is before us is that authorized by the same statute, namely an appeal from the revocation of probation. Gossett v. State, 162 Tex.Cr.R. 52, 282 S.W.2d 59.

■ The sole issue presented on such appeal is whether the judge abused his discretion in revoking probation that had been granted. Torres v. State, Tex.Cr.App., 403 S.W.2d 135; McKnight v. State, Tex.Cr.App., 409 S.W.2d 858; Manning v. State, Tex.Cr.App., 412 S.W.2d 656; Dunn v.

State, 159 Tex.Cr.R. 520, 265 S.W.2d 589; and other cases listed under Art. 42.12, Note 38, V.A.C.C.P.

■ Appellant's every request regarding court appointed counsel appears to have been granted by the trial court. Appointed counsel represented him at his trial; at the revocation of probation hearing; at his sentencing and on this appeal. His present counsel on appeal, like prior court appointed counsel who have been permitted to withdraw, have found the appeal without merit and have so advised Judge Floyd Jones. His present counsel states in his brief that he, in compliance with his promise to appellant, has set out in his brief the one point of error appellant insisted upon, which is the contention that the trial court committed reversible error in entering sentence upon the appellant some three and a half months after his probation was revoked.

The trial judge did not abuse his discretion in revoking probation.

The judgment is affirmed.

ONION, Judge (concurring).

I concur in the result here reached, but feel compelled to state my reasons for so doing. It is true that the only appeal before this Court is the appeal from the revocation of probation. It is also true that the only issue on such appeals is whether the trial court abused its discretion in revoking probation. The reported cases, however, revealed there are many ways in which the trial court might abuse its discretion in such matters.

Appellant's present appointed counsel on appeal has concluded the appeal is frivolous and without merit. His duty under such circumstances is prescribed by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493.[1]

1. In Anders the United States Supreme Court, in discussing the duty of court appointed counsel on appeal, said:
"The constitutional requirement of substantial equality and fair process can only

be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. * * * His role as advocate requires that he support his client's ap-

It is observed that appellant's counsel filed no brief in the trial court at the first stage of the Texas appellate procedure as required by Article 40.09, Sec. 9, V.A.C.C. P., that article being applicable to "all cases appealable by law to the Court of Criminal Appeals." See Section 1 thereof. I am unaware of any law which exempts appeals in probation revocation matters from such procedure. An appeal in such matters is expressly provided by Article 42.12, Section 8, V.A.C.C.P.

While counsel did not follow the careful procedure utilized in Gainous v. State, Tex. Cr.App., 436 S.W.2d 137, I believe the instant case is controlled by this Court's decision in Garcia v. State, Tex.Cr.App., 436 S.W.2d 139.

The record before us supports the fact that appellant's counsel's brief filed in this Court was served upon the appellant and he was advised to raise any further "complaint" with this Court. This he has not done. To abate this appeal for further proceedings in the trial court, as was done in Garza v. State, Tex.Cr.App., 433 S.W. 2d 428, where appointed counsel filed no appellate brief in either the trial court or this Court, would be a useless thing under the circumstances presented.

My examination of the record convinces me that counsel is correct in concluding that the appeal is frivolous, there being no legal points arguable on their merits. Appellant's only complaint stems from the delay in sentence which resulted in part by his premature delivery to the Department of Corrections prior to sentence and in part by his own insistence that he personally be

sentenced by the trial judge who revoked his probation and who was serving in Wichita County at the time by administrative assignment.

For the reasons stated, I concur. Garcia v. State, supra.

MORRISON, J., joins in this concurrence.

---

peal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."