**Richard James BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43327.**

Court of Criminal Appeals of Texas.

Nov. 18, 1970.

No attorney on appeal.

Ted Butler, Dist. Atty., and Lucien B. Campbell, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

On April 3, 1967, the appellant waived trial by jury and entered a plea of guilty before the court to an indictment charging him with the offense of robbery by assault. The punishment was assessed at 10 years, but the imposition of the sentence was suspended and the appellant placed on probation subject to certain terms and conditions of probation.

On January 15, 1970, the State filed its first amended motion to revoke probation. Said motion alleged the appellant had during the probationary period violated his conditions of probation by committing the offenses of (1) unlawfully carrying on or about his person a pistol and (2) passing as true a forged instrument for which he had been indicted and convicted in the 187th District Court and further (3) had failed to report to the Adult Probation Officer as required and (4) had left the State without written consent of the court.

On January 30, 1970, the court conducted a hearing on such motion. At the commencement of the proceedings the court had the motion to revoke read to the appellant, who was represented by counsel, and he entered a plea of "true" or "guilty" to each paragraph of the motion. Thereafter the appellant took the stand and admitted un-

der oath that he had violated the conditions of probation imposed on him in the manner alleged.

Thereafter the court revoked probation and imposed sentence upon the appellant. On February 9, 1970, the appellant gave notice of appeal not only from the revocation of probation, but also from his original conviction for robbery on April 3, 1967.

The only appeal before us is the appeal from the order revoking probation. By failing to appeal when he was placed on probation appellant waived his right to a review of his original trial. Hoskins v. State, Tex.Cr.App., 425 S.W.2d 825. See also Articles 42.12, Sec. 8, and 44.08, Vernon's Ann.C.C.P.

The only question before us therefore is whether the trial judge abused his discretion in revoking the probation. See Hoskins v. State, supra, and the numerous cases there cited.

In view of appellant's judicial confession as to four separate violations of probationary conditions, there certainly can be no abuse of discretion.

The judgment is affirmed.