**William John MILLER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43163.**

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

---

Jones, Blakeslee, Minton, Burton & Fitzgerald, by Charles R. Burton, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Sykes Houston, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, two (2) years, probated.

With the assistance of counsel, appellant waived a trial by jury, was admonished of the consequences of pleading guilty, agreed in writing to stipulate the testimony, pled guilty before the trial judge, was found guilty and was granted probation.

Notice of appeal was given under Vernon's Ann.C.C.P. article 44.08, Sec. (e) and the record is before us, together with the State's concession that the evidence is insufficient to support the conviction.

The State cites us to Hoskins v. State, Tex.Cr.App., 425 S.W.2d 825, wherein we held that "a guilty plea entered by a Texas state defendant was conclusive as to the defendant's guilt, admitted all facts charged in the indictment, and waived all nonjurisdictional defects, * * *" Noting that Hoskins was an appeal from a probation revocation wherein the appellant attempted to attack his primary conviction, which was based on a guilty plea, the State argues that we should consider this case in the same light, as appellant did not appeal until approximately five and one-half months after his conviction. The distinction between Hoskins, supra, and the cases reversing the convictions due to insufficient evidence is not in terms of time elapsed before the judgment was attacked. Rather, the distinguishing feature about the Hoskins case is that it was a collateral attack on the appellant's primary conviction. The case at bar involves a direct attack on, or an appeal of, the primary conviction.

On the basis of the above reasoning, we hold the evidence insufficient to support appellant's conviction. The judgment is reversed and the cause is remanded.