Alan W. **COOK**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 43872.

Court of Criminal Appeals of Texas.

June 2, 1971.

B. J. Wilkinson, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of marihuana. The punishment was assessed at 3 years.

On May 13, 1970, the appellant waived trial by jury and entered a plea of guilty before the court. Following a pre-sentence report his application for probation was by the court denied.

The sufficiency of the evidence to sustain the plea of guilty is not challenged.

 In his first two grounds of error appellant contends that marihuana cannot meet the scientific definition of a narcotic drug and that the classification of marihuana as a narcotic is arbitrary and unconstitutional. Reyna v. State, Tex.Cr.App., 434 S.W.2d 362 and Miller v. State, Tex. Cr.App., 458 S.W.2d 680, have only recently been decided adversely to appellant's contentions, and, as in Miller, these claims are advanced only in the appellate brief and are not supported by the record in the trial court. See Scott v. United States, 129 U.S.App.D.C. 396, 395 F.2d 619.

In his third ground of error appellant now claims for the first time that the indictment to which he pleaded guilty does not allege an offense against the laws of this state since it alleged only that he possessed "a narcotic drug, to-wit: marihuana." He contends that "[f]or this indictment to have been correctly written the State would have to allege that the defendant unlawfully possessed a narcotic drug, to-wit, a Cannabis, more commonly known as 'Marihuana' and the mere allegation of possession of marihuana and the designation of the same as a narcotic is not sufficient to allege an offense and sustain a conviction." The contention is without merit. 3 Branch's Ann.P.C., 2d ed., Secs. 1423 and 1423.2; Gonzalez v. State, 168 Tex.Cr.R. 49, 323 S.W.2d 55; Fletcher v. State, 162 Tex.Cr.R. 100, 282 S.W.2d 230; Fawcett v. State, 137 Tex.Cr.R. 14, 127 S. W.2d 905; Escamilla v. State, 162 Tex.Cr. R. 346, 285 S.W.2d 216; Willson's Criminal Forms, 7th Ed., Sec. 942, p. 241.

Appellant also urges that a punishment of three years for possession of marihuana constitutes cruel and unusual punishment. The penalty assessed being within the statutory limits (Article 725b, Sec. 23, Vernon's Ann.P.C.), this contention is likewise non-meritorious. Miller v. State, supra, and cases there cited.

The judgment is affirmed.