**Teddy Joe WISE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44593.**

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Rehearing Denied March 29, 1972.

W. W. Ballard, Wichita Falls, for appellant.

Jim Phagan, Dist. Atty. and Wayne Hughes, Asst. Dist. Atty., Wichita Falls, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

On March 17, 1967, the appellant waived trial by jury and entered a plea of guilty to the offense of rape before the 30th District Court. Judge Temple Driver assessed the punishment at ten years, suspended the imposition of the sentence and placed the appellant on probation.

Among the conditions of probation was the requirement that the appellant, "1. Shall commit no offense against the penal laws of this State * * * *."

On September 3, 1970, the State filed a motion to revoke probation alleging that appellant "did on the 27th day of August, 1970 commit the offense of assault with intent to rape in Wichita Falls, Wichita County, Texas."

The hearing to revoke probation was before Judge Arthur Tipps in the 30th District Court. Pam Anderson, sixteen years old, testified that on the night of August 27, 1970, she was driving home, when a car pulled up beside her and someone hollered "Linda"; that the car then followed her and in an effort to get away, she drove into a dead end street. She turned off the lights and tried to lock the doors of the car, but one of the doors would not lock. A boy identified as appellant got in the car and "started trying to get me down in the seat, and pushed me down in the seat, and wrestling around." The appellant tried to kiss her a lot of times; she yelled or screamed, "but he acted like he was choking me and twisting my throat and telling me if I didn't stop screaming, he would have to knock me out." The prosecutrix testified appellant touched her private parts and pulled at her shorts and said, "I'm going to F—— you." After appellant left, the victim drove to where a police car was parked and gave the officer the license number of the car in which appellant left the scene.

Appellant does not question the sufficiency of the evidence to revoke the probation.

Appellant attacks the original conviction contending that he was coerced, threatened, and misled into entering a plea of guilty and that the trial court failed to follow Article 26.13, Vernon's Ann.C.C.P., in failing to ascertain if appellant was influenced by improper consideration. He further attacks the original conviction complaining that Art. 1.15, V.A.C.C.P., was not followed, in that stipulated testimony was not reduced to writing and that the District Attorney made a false statement as to a material fact which was relied upon by the trial court.

■ By failing to appeal when he was placed on probation, appellant waived his right to a review of his original trial. Brooks v. State, Tex.Cr.App., 459 S.W.2d 640; Hoskins v. State, Tex.Cr.App., 425 S.W.2d 825. See also Articles 42.12, Sec. 8, and 44.08, V.A.C.C.P.

■ Appellant contends that the 30th District Court was without authority to revoke appellant's probated sentence, in that the original conviction was had in the 89th District Court, and the 89th District Court had not transferred jurisdiction to the 30th District Court with the consent of the 30th District Court.

We have carefully examined the record before us and find that appellant pled guilty on March 17, 1967, in the 30th District Court, was assessed punishment at ten years, the imposition of sentence was suspended, and the appellant was placed on probation. The hearing, on the motion to revoke appellant's probation, was in the 30th District Court.

The original trial was before Judge Temple Driver. The motion to revoke probation was before Judge Arthur Tipps. Apparently, appellant's complaint stems from the fact that the judge who presided at the original conviction did not hear the motion to revoke probation.

Included in the record is an order of the Hon. Louis Holland, Presiding Judge of the Eighth Administrative District, which reflects that the District Judges of the 89th, 30th and 78th Judicial Districts, in Wichita County, each are assigned for trial of cases to the other Judicial Districts of Wichita County. (The said numbered courts being all of the District Courts in Wichita County). ·

Judge Arthur Tipps was, at all times, pertinent to this case, the regular Judge of the 30th District Court. Judge Temple Driver was, at all times, pertinent to this case, the regular Judge of the 89th District Court.

In Chavez v. State, Tex.Cr.App., 462 S. W.2d 283, two different judges were allowed to preside at the hearing on the motion to revoke probation. The original conviction had been in the 143rd District Court with Judge J. H. Starley presiding. The motion to revoke commenced before Judge Starley, in the 143rd District Court, was recessed until a later date, which hearing was resumed before Judge Charles Sherrill, of the 112th Judicial District who was sitting in the 143rd District Court by administrative assignment. This Court held that even without the evidence heard by Judge Starley, there was sufficient evidence offered to support Judge Sherrill's finding that appellant had violated his probation.

In the instant case, the entire hearing on the motion to revoke appellant's probation was conducted before Judge Tipps. We perceive no error in the fact that Judge Tipps did not preside at the original conviction. Chavez, supra.

■ The decision to revoke probation rests solely within the discretion of the trial court. Article 42.12, Sec. 8, V.A.C.C. P.

Finding no abuse of discretion, the judgment is affirmed.

Opinion approved by the Court.

MORRISON, J., not participating.