**Olivia PATTERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46265.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Richard A. Mayhan, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Tom Henderson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

On April 10, 1970, appellant entered a plea of guilty before the court to the offense of burglary. The punishment was assessed at six years, but the imposition of sentence was suspended and appellant was granted probation.

On November 23, 1971, the State filed a motion to revoke probation, alleging numerous violations of conditions set forth in the judgment of probation including that appellant "(a) commit no offense against the laws of this or any other State or the United States."

On February 18, 1972, the court, after a hearing, revoked probation finding that appellant had violated the terms of his probation.

Appellant complains that the stipulation of evidence in the original conviction pro-vided for introduction of "other documentary evidence" and that the transcription of the court reporter's notes reflects "any other documentary evidence."

 By failing to appeal when he was placed on probation, appellant waived his right to a review of his original trial. Wise v. State, 477 S.W.2d 578; Brooks v. State, 459 S.W.2d 640; Hoskins v. State, 425 S.W.2d 825. See Articles 42.12, Sec. 8, and 44.08, Vernon's Ann.C.C.P.

Appellant's remaining two contentions in which he attacks the sufficiency of the evidence and complains that his plea was induced by an assistant district attorney are likewise directed to the original conviction and for the reason heretofore discussed are without merit.

Finding no abuse of discretion, the judgment is affirmed.

Opinion approved by the Court.