**Edward Wilson WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48758.**

Court of Criminal Appeals of Texas.

July 10, 1974.

L. Bruce Roberson, Perryton, for appellant.

Stephen F. Cross, Dist. Atty., Borger, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On May 29, 1973, appellant pleaded guilty to the felony offense of driving a

motor vehicle upon a public road while intoxicated, subsequent offense. The punishment, as reflected by judgment entered the same day, was assessed at four years, but the imposition of sentence was suspended and appellant was granted probation.

Among the conditions of probation was the requirement that appellant "(a) Commit no offense against the laws of this or of any other State or of the United States."

On June 5, 1973, the State filed a motion to revoke appellant's probation, alleging that:

"On or about the 30th day of May, 1973, in Harper County, Oklahoma, the defendant committed the offense of Driving a Motor Vehicle upon a public highway, while under the influence of alcohol, for which offense he was duly and legally convicted in the County Court, City of Buffalo, Harper County, Oklahoma."

After a hearing on June 15, 1973, the court entered its order revoking appellant's probation, finding that appellant "has violated the terms and conditions of his probation as alleged by the State."

On June 28, 1973, appellant filed a motion in arrest of judgment, complaining of the "judgment entered herein on Friday, June 15, 1973." Said motion was overruled after a hearing on August 7, 1973, and notice of appeal was given on August 17, 1973.

Both of appellant's contentions are directed to the primary offense wherein appellant was granted probation.

█ The general rule is that failing to appeal when placed on probation waives the right to review. Hungerford v. State, Tex.Cr.App., 474 S.W.2d 242; Brooks v. State, Tex.Cr.App., 459 S.W.2d 640; Hos-

kins v. State, Tex.Cr.App., 425 S.W.2d 825. Two exceptions to this rule have been discussed by this Court in recent cases. In Perkins v. State, Tex.Cr.App., 504 S.W.2d 458, reliance was had on Martinez v. State, Tex.Cr.App., 494 S.W.2d 545,[1] where this Court held that failure to comply with Article 26.13, Vernon's Ann.C.C.P., in the primary offense would be considered on appeal from revocation of probation (where record in primary offense was before the court) since such question could be raised at any time. Another exception to the general rule was stated in Ramirez v. State, Tex.Cr.App., 486 S.W.2d 373, where this Court held:

" . . . collateral attacks are not permitted on the original conviction upon which probation has been revoked, but in the present case it has been shown that under the decisions of the United States Supreme Court the appellant was denied the right to counsel. To require a separate habeas corpus proceeding to attack such a conviction would be to require a useless thing."

In appellant's first contention he complains of the introduction of a certified copy of judgment and other papers in Cause No. 54481 from the County Court at Law No. One of El Paso County, reflecting that appellant was convicted on January 6, 1970, of the offense of operating a motor vehicle upon a public road while intoxicated (alleged in the indictment in the primary offense as the conviction occurring prior to the offense alleged in Ochiltree County).

While appellant recognizes that the papers in the El Paso County conviction were introduced without objection, he urges that they were admitted into evidence as the result of an oral stipulation and therefore not in compliance with Article 1.15, V.A.C.C.P.[2]

---

1. Wise v. State, Tex.Cr.App., 477 S.W.2d 578 was overruled by Martinez v. State, supra.

2. The pertinent portion of Article 1.15, V.A. C.C.P., reads:

"The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an

In the instant case, we find it unnecessary to consider whether appellant waived his right to complain of a failure to comply with Article 1.15, V.A.C.C.P., when he failed to appeal from the primary offense. The transcription of the court reporter's notes in the primary offense is before us and it reflects that appellant took the stand and testified he was the same person who was "previously convicted in the County Court in El Paso as reflected by State's Exhibits two and three [certified copies of judgment and other papers in the cause] on the misdemeanor offense of driving while intoxicated." The record reflects that appellant further testified that the allegations in the indictment were true and correct. Appellant's judicial admissions support the allegation in the indictment regarding such conviction. Vasquez v. State, Tex.Cr.App., 477 S.W.2d 629; Wallace v. State, Tex.Cr.App., 478 S.W.2d 499.

Appellant contends that the misdemeanor conviction in El Paso County alleged in the primary offense is void in that it affirmatively appears that appellant was not represented by counsel.

Trial of the primary offense occurred on May 29, 1973. No objection was voiced to the introduction of the judgment and other papers reflecting the El Paso County misdemeanor conviction. Unlike Ex parte Casarez, Tex.Cr.App., 508 S.W.2d 620 (opinion on motion for rehearing), appellant's trial was had almost a year after the United States Supreme Court decision in Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L.Ed.2d 530 (1972), holding that the right of an indigent defendant to assistance of counsel is not governed by the classification of the offense.

We hold that appellant's failure to object when the complained of exhibits were offered into evidence constitutes a

oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence

waiver of the claimed rights. Ex parte Gill, Tex.Cr.App., 509 S.W.2d 357; Ex parte Bagley, Tex.Cr.App., 509 S.W.2d 332.

A review of the record reflects that the evidence supports the trial court's finding and we conclude that no abuse of discretion is shown in revoking appellant's probation.

The judgment is affirmed.

Opinion approved by the Court.

in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."