MONROE, J.
Relators were convicted of libel, under Rev. St. § 804, and sentenced, on each of two counts, to imprisonment for three and two months, and to pay a fine of $200, and, in default of payment, to further imprisonment for one month, on each count, and they complain that the sentences were unauthorized, for the reason that the law under which they were imposed has been superseded, as they allege, by Act No. 107, p. 161, § 4, of 1902.
Rev. St. § 804, provides that:
“Whoever shall, maliciously, defame any person by making, writing, publishing, or causing to be published, any manner of libel, shall, on conviction thereof, suffer fine and imprisonment, or both, at the discretion of the court.”
Rev. St. § 982, limits the penalty of fine and imprisonment which may be imposed at the discretion of the court to $1,000, in the one case, and two years in the other. “Libel,” in the criminal law, is “a malicious defamation, expressed either in printing or writing, or by signs or pictures, tending to blacken the memory of one who is dead, with intent to provoke the living; or the reputation of one who is alive, and to expose him to public hatred, contempt or ridicule.” Bouvier; Black; verbo “Libel.” Act No. 107, p. 161, § 4, of 1902, relied on by relators, provides that “whoever shall, by spoken words, maliciously defame,” etc., “shall be fined,” etc. It therefore relates to an offense different from that dealt with by the law under which relators were convicted and sentenced, and does not supersede that law.
Relators allege that a certain witness, H. Laroussini, testified in the case out of their presence, and they attach to their petition his affidavit, reading in part, as follows:
“That, in answer to an attachment issued by the criminal district court, section B, of the parish of Orleans, in the case of the state of Louisiana v. Peter Kiernan, Louis A. Hoffman, and Jesse H. Webb, he was taken to the said court and, in the private office of the Hon. Frank D. Chrétien, judge of said court, he was duly sworn and gave evidence in connection with said case; and that, at the time, neither the said Peter Kiernan, nor Jesse H. Webb were pre'sent in the said office, and they were not confronted by him.”
We infer from this affidavit that the witness was allowed to explain, under oath, *742 why it had been necessary to bring him into court by attachment, a matter which concerned the court and in which the relators were not concerned.
These grounds being insufficient to entitle relators to the writ of certiorari and prohibition, or either of them, and no other grounds being set forth in their petition, the relief prayed for is denied.