(97 South. 334)

No. 25996.

STATE ex rel. DICKERSON v. REYNOLDS, Special Judge.

In re DICKERSON.

(June 4, 1923. Rehearing Denied July 11, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⟷959 — **Overruling of motion by other than presiding judge without evidence held erroneous.**

Where motion for new trial, on ground that conviction was contrary to law and evidence, was heard by special judge other than the one presiding at trial, and no evidence was offered, he could not properly overrule the motion.

2. **Criminal law** ⟷951(1)—**Motion for new trial of case tried before special judge held not too late.**

Where special judge trying case left parish on day of trial, December 14, 1922, and was thereafter appointed to the Court of Appeal and another special judge was not appointed until April 16, 1923, motion for new trial filed April 19 *held* not too late; the right to file it having been reserved without time limit, and

no objection having been made when it was filed.

**3. Criminal law ⬳1090(16)—Formal bill of exceptions unnecessary when error patent on face of record.**

When error of judge other than judge presiding at trial in overruling motion for new trial, on grounds that it was not good and came too late, was patent on face of record, necessity of formal bill of exceptions was dispensed with.

E. J. Dickerson was convicted of slander, and his motion for new trial was overruled, and he applies for writs of certiorari and prohibition. Sentence set aside, new trial granted, and case remanded.

Cas Moss, of Winnfield, for relator.

LAND, J. Relator is indicted for slander, alleged to have been committed in Winn parish on July 29, 1922. He was arrested, and on October 7, 1922, was released on bond, conditioned for his appearance in the district court of the Fifth judicial district at its term beginning October 16, 1922.

On the first day of the October term, Hon. R. W. Oglesby, the regular judge of said district, recused himself in said case, and appointed Hon. J. B. Crow, Judge of the Fourth Judicial District, to sit and try the case, which was set for trial on December 14, 1922, and on said date relator was found guilty. No motion was then filed for a new trial, but this right was reserved to relator, who was released on bond after conviction.

Judge Crow having been appointed to fill a vacancy on the Court of Appeal of the Second Circuit, and having gone on the bench of that court, on April 16, 1923, Judge J. E. Reynolds of the Third Judicial District was appointed to sit and try the case. On April 19, 1923, relator filed a motion for a new trial on the grounds that the conviction was contrary to the law and the evidence, and that the statement assigned as slanderous was a privileged communication. On the same day this motion was overruled, no evidence having been adduced at its trial, "for the rea-

son that it is not good in the opinion of the court, and comes too late."

[1] As the special judge had not heard the witnesses in the case, and as no evidence was offered on the trial of this motion, he was not in a position to say whether the conviction was contrary to the evidence or not, and was therefore unable to properly dispose of said motion by overruling it.

[2] Nor are we of opinion that, under all of the circumstances of this case, the motion for new trial was filed too late.

The case had been tried by Judge Crew, a special judge, who had left Winn parish on the same day of the trial, and before any motion for new trial had been filed. The right of relator had been reserved to file this motion at the time, without any time limit being fixed for his so doing. The hasty departure of Judge Crow was necessitated by the press of business in his own district. No objection was made to the filing of this motion, when tendered, as far as the minutes disclose. We therefore have an exceptional state of facts presented in this case. While motions for new trials in criminal cases should be made timely when trials are had before regular judges; this rule must be relaxed in cases of special judges, whose attendance cannot be always opportunely had, and especially where, as in the present case, the delay was caused by the laches of the state, if any, in calling in a second special judge. The motion was filed seasonably for new trial before the special judge in this case. The mere filing of the motion in the clerk's office long prior to the sitting of the special judge in this case would not have facilitated the trial of the motion, as the regular district judge had recused himself.

[3] The record contains a notation of exceptions and reservation of a bill to the action of the special judge in overruling the motion for a new trial, and the error complained of is moreover patent on the face of the record, thereby dispensing with the ne-

cessity of a formal bill of exceptions in the case.

We are of the opinion that relator is entitled to relief.

It is therefore ordered, adjudged, and decreed that the sentence imposed upon relator be set aside, that a new trial be granted, and that this case be remanded to the lower court for trial according to law.

O'NIELL, C. J., subscribes to the decree.