McCALEB, Justice.
 

 On September 24, 1946, appellant pleaded guilty in the First Judicial District Court to two bills of information charging him with the crime of gambling. He was sentenced on each charge to pay a fine of $350 and to serve one year in jail, the sen
 
 *825
 
 tences to run consecutively. Execution of the jail sentence was suspended in each case.
 

 Prior to the expiration of the term of the suspended sentences, appellant pleaded guilty in the United States District Court for the Western District of Louisiana to charges of violating Section 336 [now § 1302], Title 18, U.S.C. (felonies under the laws of the United States), in that he used the mails to conduct a lottery and was sentenced to pay a fine of $5000.
 

 Thereafter, the State filed a motion in the First Judicial District Court reciting the foregoing facts and prayed for the revocation of the suspension of the sentences. A bench warrant was issued for appellant’s arrest; he was taken into custody and, after a hearing, the suspended sentences were recalled and the execution of the judgment ordered. Wherefore this appeal.
 

 The sole contention of appellant is that the trial judge was without legal authority to revoke the suspension of the sentences for violation of a federal law.
 

 Imprimis, the State maintains that we may not consider the contention as appellant failed to perfect bills of exception.
 

 The point is not well founded for the reason that the alleged error is patent on the face of the record.
 
 [1]
 
 Appellant is not denying that he was convicted of a felony under the federal law during the period of the suspension of the sentences imposed by the court below. Nor does he raise any other questions which require that the record in the case be supplemented by evidence or other data. His proposition is that the judge was without authority to revoke the suspension of the sentences for conviction of any offense which is not denounced as a crime under the law of Louisiana. If he is correct, the error appears on the face of the record— for the action of the judge in revoking the suspension of the sentences was, perforce, predicated upon the motion or suggestion of the district attorney that the suspensions should be recalled because appellant had been convicted of a felony under the federal law.
 

 The cases cited by the State, notably State v. Bateman, 209 La. 1036, 26 So.2d 130, which set forth the things comprising the record of a criminal case, exclusive of the bills of exception, are inapplicable to a matter such as this where the proceedings under attack occur after entry of the judgment of conviction. In a case involving the recall of a suspension of a sentence, the motion to recall is as much a part of the record on appeal as the indictment or information.
 

 We therefore pass on to the question presented by the appeal. Appellant main
 
 *827
 
 tains that a consideration of Articles 536 and 538 of the Code of Criminal Procedure makes it manifest that the Legislature did not intend that the suspension of a sentence may be revoked for conviction of a crime not punishable under the laws of this State.
 

 Article 536 of the Code of Criminal Procedure provides that, whenever any person has been found guilty of a misdemeanor, “* *
 
 *
 
 t}je judge may sentence the defendant but suspend such sentence and release the offender during his good behavior; * * * The term ‘good behavior,’ as used herein, means that the offender shall not be convicted
 
 of any other crime
 
 during the time of such suspended sentence.” (Emphasis ours.)
 

 Counsel argue that the words “any other crime” were intended to connote only a crime against the laws of this State and, as a basis for the contention, they refer to Article
 
 7
 
 of the Criminal Code, which declares that crime is that conduct defined as criminal in the Code or other acts of the Legislature or in the Constitution.
 

 The postulation is not impressive. There is nothing in the language used in Article 536 evidencing a legislative design to restrict the condition of suspended sentences to cases where the offender has been convicted of an offense punishable under the laws of' this State. On the contrary, the words of the statute-are “any other crime” which, in their ordinary use, would include all convictions whether local, federal or foreign.
 

 Furthermore, the argument of counsel completely disregards the underlying purpose of the suspended sentence law. It is for the rehabilitation of the criminal and comes as an act of grace to one convicted of a crime. Escoe v. Zerbst, 295 U. S. 490, 492, 493, 55 S.Ct. 818,
 
 79
 
 L.Ed. 1566, 1568, 1569. Probation was designed to aid the rehabilitation of a penitent offender and that is why abstinence from crime is made the sole condition of the suspension of the sentence. Hence, in the absence of clear expression to the contrary, it would be fatuous to say that the Legislature intended, in conditioning the suspension of sentences on “good behavior”, to countenance the continuance of the unlawful conduct by the offender just so long as he did not transgress the criminal laws of this State.
 

 But counsel persist that Article 538 of the Code of Criminal Procedure establishes this unseemly conclusion. That Article reads:
 

 “Upon the final conviction of the offender
 
 of any other felony or misdemeanor,
 
 during the suspension of the sentence, the court granting such suspension shall cause the arrest of the defendant if he is not then in the custody of the court, and during a term of the court shall pronounce sentence upon the original judgment of con-u viction,
 
 and shall cumulate the punishment of the first with the punishment of any sub
 
 
 *829
 

 sequent conviction or convictions,
 
 and in such case no new trial shall be granted in the first conviction.” (Emphasis ours.)
 

 It is asserted that the clause making it obligatory upon the court to cumulate the punishment of the first and subsequent convictions clearly denotes that the convictions referred to are those cognizable only in the State courts.
 

 Superficially, it would seem that the language used in Article 538 might give some substance to this argument. But, on investigation, it will be readily seen that the contention is hinged upon a misconception of the use of the word “cumulate” as employed in the statute which would require that the word be given such a narrow meaning so that a suspended sentence could never be revoked unless the offender was convicted of an offense in the same district court that pronounced the suspended sentence. However, the verb “cumulate” cannot be thus restricted in scope and the Legislature surely did not intend such a result. “Cumulate” means adding to or adding one to another. And, under normal interpretation, the clause “shall cumulate the punishment of the first with the punishment of any subsequent conviction” merely declares that the court shall order the sentence to be served in addition to the punishment given for the subsequent conviction. In other words, the sentences shall not, under any circumstances, run concurrently. This was the view of the district judge and we subscribe thereto.
 
 [2]
 

 In stressing their point, counsel cite Article 709.1 of the Code of Criminal Procedure, Aot No. 45 of 1942, § 1, relative to habitual criminals and argue that the declarations therein apply by analogy to the case at bar. Suffice it to say that we cannot perceive that the provisions relied on are apposite or that they furnish any basis for an analogy.
 

 The judgment appealed from is affirmed.
 

 PONDER, J., absent.
 

 [1]
 

 This court has the right to consider errors patent on the face of the record. Articles 502, 503, 558, Code of Criminal Procedure; In re Dickerson, 154 La. 114, 97 So. 334.
 

 [2]
 

 See also Brown v. State, 105 Tex. Cr.R. 586, 289 S.W. 682; Clare v. State, 122 Tex.Cr.R. 211, 54 S.W.2d 127; Edwards v. State, 134 Tex.Cr.R. 512, 116 S.W.2d 711 and Broyles v. State, 143 Tex.Cr.R. 556, 159 S.W.2d 881, where the Texas Court of Criminal Appeals, in construing provisions similar to those contained in Articles 536 and 538 of our Code of Criminal Procedure, arrived at the same conclusion.