64 So.2d 424

STATE ex rel. WAGGONER v. COZART, Superintendent of Louisiana State Penitentiary.

In re MINARD, Dist. Atty., et al.
No. 41122.

March 23, 1953.

Fred S. LeBlanc, Atty. Gen., W. C. Perrault, First Asst. Atty. Gen., W. D. Atkins, M. E. Culligan, Asst. Attys. Gen., Fred Fudickar, Jr., Dist. Atty., 4th Judicial Dist., Ouachita Parish, Monroe, Cameron C. Minard, Dist. Atty., 28th Judicial Dist., Caldwell Parish, Columbia, for relators.

Leon A. Picou, Jr., St. Francisville, for respondent.

MOISE, Justice.

Relators' application for writs of certiorari, mandamus and prohibition having been granted, there is now before us for review the record in this case upon which the judgment of the district court releasing defendant from the custody of the State Penitentiary is based. The questions for our consideration are clearly set out by counsel for the State as follows:

"1. Whether Colquitt S. Waggoner, sometimes hereinafter referred to as 'respondent', is entitled to credit for time served in the Louisiana State Penitentiary while he was out on illegal reprieve by former Governor Earl K. Long.

"2. Whether the Twenty-Eighth Judicial District Court, Parish of Caldwell, State of Louisiana, was authorized, upon the revocation of respondent's probation, to order respondent's two-year sentence to run concurrent with the subsequent sentence of three years imposed by the Fourth Judicial District Court which respondent is and was serving at the time of the revocation of his probation since the law directs that upon the revocation of such probation the sentence should be cumulative or consecutive.

"3. Whether respondent's sentence imposed by the Fourth Judicial District Court to serve a term of two years in the Louisiana State Penitentiary for the crime of theft committed while he was on illegal reprieve from the Louisiana State Penitentiary should run concurrently or consecutively with a prior sentence of three years imposed by the Fourth Judicial

District Court where the judgment of the Court is silent as to whether such sentence shall run concurrently or consecutively."

1. The record discloses that Waggoner pleaded guilty in the Twenty-eighth Judicial District Court, Parish of Caldwell, on a charge of forgery, on January 23, 1950, and was sentenced to serve a two-year term at hard labor in the State Penitentiary. The court suspended the sentence and placed respondent on probation.

2. Respondent pleaded guilty to the crime of forgery in the Fourth Judicial District Court, Parish of Ouachita, on April 14, 1950 and was sentenced to serve a term of three years in the State Penitentiary. He entered the Penitentiary on April 18, 1950.

Thereupon, the Twenty-eighth Judicial District Court for the Parish of Caldwell signed an order directing that Waggoner be brought before it and dealt with as a violator of probation. Defendant admitted his conviction and sentence by the Fourth Judicial District Court for the Parish of Ouachita. The Twenty-eighth Judicial District Court then revoked defendant's probation and commanded him to serve his two-year sentence, previously imposed, said sentence to run concurrently with the three-year sentence imposed by the Fourth Judicial District Court for the Parish of Ouachita.

On December 6, 1950, the Governor of the State of Louisiana authorized the Warden of the State Penitentiary to grant a furlough to Waggoner, the pertinent part of which order reads: " * * * To the extent of this period, C. S. Waggoner is to be considered reprived." . .

3. On January 20, 1951, during Waggoner's release on the above furlough, he was again charged with and pleaded guilty to the crime of theft, and for this offense he was sentenced by the Fourth Judicial District Court for the Parish of Ouachita, to serve a term of two years in the State Penitentiary. The judgment of the court is silent as to whether this two-year term should be concurrent or consecutive with the prior sentence.

On November 6, 1952, respondent brought a writ of habeas corpus directed to the Superintendent of the State Penitentiary, Baton Rouge, Louisiana, commanding him to have the body of relator brought in the Twentieth Judicial District Court for the Parish of West Feliciana, for the purpose of inquiring into the cause of commitment and detention of relator, and requiring the Superintendent of the State Penitentiary at Baton Rouge, to show cause why relator should not be released at once. The court signed the order granting a writ of habeas corpus, and respondent complied with this order on December 15, 1952 by bringing the accused into court. The Attorney General filed an exception of prematurity to these proceedings, which was overruled by the court. The Superintendent was ordered to file a return not later

than December 24, 1952. The Court rendered judgment on December 29, 1952, ordering applicant of the writ discharged from the Penitentiary, after complying with all the formalities of the law. Writs of certiorari, prohibition and mandamus were applied for and granted by this Court.

A mere reading of the above statement of facts should be persuasive as to the law in this particular case.

From our examination of the record, it is apparent that manifest error was made in giving Waggoner credit for time served in the State Penitentiary while he was out on a reprieve from the Governor.

■ The question of the right of the Governor to grant a reprieve after the beginning of the serving of the sentence by the accused is not before the court in this proceeding. LSA–R.S. 15:572, La.Const. Art. 5, § 10. However, regardless of any right which the Governor may or may not exercise in relation to a reprieve, the period of time during which the accused, in the instant case, was out of the penitentiary on reprieve cannot be considered as time served on his sentence.

The case of State v. Rider, 201 La. 733, 10 So.2d 601, 604 is authority for holding that respondent is not entitled to credit on his sentence for the period of time he was on reprieve. In that case, relator pleaded guilty to the crime of perjury and was sentenced to serve not less than 6 months and not more than 18 months in the Parish Jail of Evangeline Parish. After serving ten days, relator was released. He was taken into custody two years after the original sentence was imposed and ordered to serve its term less the ten days served. Rider applied for a writ of habeas corpus, alleging that he was being illegally detained because the maximum time for which he was sentenced had elapsed and contending that having served part of the time imposed therein, it not being shown that he thereafter became a fugitive from justice, the court was without authority in law to renew his sentence. This Court recalled the writ and affirmed the judgment of the trial court imposing sentence stating:

"* * * In any event, he has no right to complain, because it is made certain that he has not paid the penalty inflicted upon him for his confessed transgression of the law. He confessed in open court that he was guilty of the heinous crime of perjury. The rule applicable to a case like this, which rule is based upon the settled jurisprudence of this country, is clearly and concisely stated in 8 R.C.L., Paragraph 267, page 259, as follows:

"'Effect of Lapse of Time Without Serving Sentence.—The judgment is the penalty of the law, as declared by the court, while the direction with respect to the time of carrying it into effect is in the nature of an award of execution. Where the penalty is imprisonment, the sentence of the law is

to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority. Therefore the expiration of time without imprisonment is in no sense an execution of the sentence. Accordingly where the judgment and sentence is imprisonment for a certain term, and from any cause the time elapses without the imprisonment being endured, it will still be a valid, subsisting, unexecuted judgment. And *where a convict is permitted to absent himself from prison the time when he is absent is no part of the sentence.* And therefore where a convicted defendant is at liberty and has not served his sentence, if there is no statute to the contrary, he may be rearrested as for an escape, and ordered into custody on the unexecuted judgment, and the result is the same if he escapes to another jurisdiction and is brought back, though by illegal means.' "

For the reasons above set out, this accused should not be given credit for the time he was out of the State Penitentiary on a reprieve.

The next question for solution is whether the trial court is in error in holding that the sentence of respondent upon the revocation of probation of respondent by the Twenty-eighth Judicial District Court should run concurrently with the subsequent sentence because it was so ordered by the Twenty-eighth Judicial District Court.

On May 22, 1950, the Twenty-eighth Judicial District Court revoked the probation of respondent and ordered the execution of the sentence to run concurrently with the three-year sentence which had been imposed upon respondent by the Fourth Judicial District Court.

LSA–Revised Statute 15:530 provides that the court shall have the power to suspend execution of the sentence imposed and to place the offender on probation for such period and upon such terms as the court may deem best. When the Twenty-eighth Judicial District Court decreed that respondent should serve a term of two years in the State Penitentiary, it had the authority to suspend only the execution of its own sentence, and when the accused was brought in that court on May 22, 1950, the court could only revoke the probation granted respondent. At that time, the only authority the court had was to order the execution of the sentence. Under the law it was without authority to render judgment ordering and maintaining that a two-year sentence run concurrently with the three-year sentence which was imposed as we said before by the court of another judicial district. Therefore, this order is null and void. LSA–R.S. 15:533.

LSA–Revised Statute 15:538 reads:

"Upon the final conviction of the offender of any other felony or misdemeanor, during the suspension of the sentence, the court granting such suspension shall cause the arrest of the de-

fendant if he is not then in the custody of the court, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such case no new trial shall be granted in the first conviction."

■ In State v. Gordon, 214 La. 822, 38 So.2d 794, 796, this Court said:

" 'Cumulate' means adding to or adding one to another. And, under normal interpretation, the clause 'shall cumulate the punishment' of the first with the punishment of any subsequent conviction' merely declares that the court shall order the sentence to be served in addition to the punishment given for the subsequent conviction. In other words, the sentences shall not, under any circumstances, run concurrently."

See also, 10 L.L.R. 223; Rowe v. Pescor, D.C., 72 F.Supp. 811; Ellerbrake v. U. S., 7 Cir., 134 F.2d 683; Id., 319 U.S. 775, 63 S.Ct. 1435, 87 L.Ed. 1722; Id., 320 U.S. 810, 64 S.Ct. 30, 88 L.Ed. 490; Broyles v. State, 143 Tex.Cr.R. 556, 159 S.W.2d 881.

■ The reasoning imposed in State v. Gordon, supra, appeals to the conservatism of common sense. Therefore, it is manifest that the judgment ordering the two-year sentence to run concurrently with the three-year sentence from the Fourth Judicial District Court is null and void. The Statute—

LSA–R.S. 15:538 is mandatory in its terms, and the defendant must serve the two-year sentence consecutively with the three-year sentence imposed.

■ The third point at issue is that the court erred in holding that the sentence of defendant to two years in the State Penitentiary by the Fourth Judicial District Court on April 13, 1951, while he was out of the Penitentiary on a reprieve should run concurrently with the prior sentence.

In State v. Kiernan (In re Kiernan), 116 La. 741, 41 So. 55, 56, this Court said:

"With reference to successive conviction we will state in passing that the second conviction commences at the expiration of the first sentence."

Respondent's two-year sentence on April 13, 1951 must commence at the expiration of said three-year sentence by the Fourth Judicial District Court for the Parish of Ouachita and the said two-year sentence imposed by the Twenty-eighth Judicial District Court for the Parish of Caldwell.

The record discloses that the respondent has served two years, three months and two days in the State Penitentiary as of Christmas Eve 1952. If he is allowed five months for single good time earned under LSA–R.S. 15:571.4, he would still owe four months and twenty-eight days on the aforesaid three-year sentence, and would not be eligible for release of this sentence if he is not given credit for time out of the Penitentiary on reprieve. *Dura lex, sed lex.* "The law is hard, but such is the law."

.Therefore,

The judgment of the district court ordering the respondent discharged from the State Penitentiary is annulled and set aside, the demand that the prisoner be released on writs of habeas corpus is rejected, and, the exception of prematurity filed by the State is maintained, and respondent's action is ordered dismissed.