GUIDRY, Judge.
On October 13,1982, probation revocation proceedings were instituted against the defendant, Earl E. Savoy, Jr. Following the hearing on the matter, the trial court revoked defendant’s probation and sentenced him to three years at hard labor, presumably pursuant to the authority granted by LSA-R.S. 40:983. We granted supervisory writs to consider defendant’s contention that the probation revocation proceedings were untimely, and therefore without effect.
On June 5,1981, defendant pleaded guilty to possession of methaqualone, a violation of LSA-R.S. 40:967(C). The record contains some ambiguity with regard to the sentencing phase of this proceeding. The minutes show that the court sentenced the defendant to serve one year in the parish prison and suspended the sentence, placing the defendant on active probation for one year. However, the minutes also show that the court ordered the defendant sentenced under the provisions of LSA-R.S. 40:983, which authorizes the court to place the defendant on probation without entering a *544 judgment of guilt or imposing sentence.[1] In this regard, the minutes reflect the following:

“Court sentenced the accused to be imprisoned in the parish prison for a period of one year, suspended and placed on active probation under the direct supervision of the state director of probation and parole supervision for a period of one year. The general conditions of the probation specified in article 895 of our Code of Criminal Procedure are to apply in this case, in addition, Court imposed the following special conditions: (1) to pay $35 court costs. Court ordered the accused sentenced under L.R.S. 40:983 provisions."

On December 11, 1981, a warrant was issued by the trial court in Rapides Parish for the arrest of the defendant for absconding from supervision. There is no evidence in the record to indicate that there was any attempt to execute this warrant during the one year probationary period. On March 18, 1982, in LaSalle Parish, defendant pleaded guilty to- possession of marijuana and driving while intoxicated, second offense. Although he was sentenced to serve a jail term at that time, he apparently was given credit for time served, for he was released the same day. On April 28, 1982, another arrest warrant was issued from Rapides Parish for absconding from supervision. As was the case with the previous warrant, there is no evidence showing an attempt by the State to execute this warrant during the one year probationary period. On May 27, 1982, in Caddo Parish, defendant pleaded guilty to possession of marijuana. In connection with this offense, he received a suspended sentence and was placed on probation for six months.
On October 5, 1982, defendant was jailed in Rapides Parish after being arrested in Shreveport for probation violation. Although it is not made clear by the record, it appears that the arrest was made pursuant to one of the previously issued arrest warrants, as there is no warrant for the arrest of defendant in the record other than those mentioned above.
On October 13, 1982, a petition to revoke defendant’s probation was filed by the defendant’s supervising agent, Michael G. Clark. A probation revocation hearing was held on November 16, 1982. At the hearing, defendant admitted that he had violated the terms and conditions of his probation. The court on that date ordered defendant’s probation revoked. Sentencing took place on November 22, 1982, at which time the court sentenced defendant to three years at hard labor. In imposing this sentence, the trial court stated that it was not bound by the original suspended sentence of one year because the original proceeding was conducted pursuant to LSA-R.S. 40:983, supra, which does not authorize the imposition of sentence until the terms of probation are violated. The defendant maintains that the trial court is bound by the sentence of one year. It is not necessary to resolve this issue, for we find that, in any event, the probation revocation hearing was untimely and without effect.
Whenever any person who has not previously been convicted of any offense under this part pleads guilty to or is convicted of having violated R.S. 40:966C, 40:967C, 40:968C, 40:969C, 40:970C of this part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.
Upon the defendant’s violation of any of the terms or conditions of his probation, the court may enter an adjudication of guilt and impose sentence upon such person.
Upon fulfillment of the terms and conditions of probation imposed in accordance with this section, the court shall discharge such person and dismiss the proceedings against him.
Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
Discharge and dismissal under this section may occur only once with respect to any person.
*545 A defendant’s sentence is satisfied upon completion of the period of probation imposed. LSA-C.Cr.P. Art. 898; State v. Hunter, 391 So.2d 844 (La.1980); State v. Weysham, 410 So.2d 1104 (La.1982). At any time during the period of probation, the court may issue a warrant for the arrest of the defendant for violation of the conditions of probation or issue a summons to appear to answer a charge of violation or threatened violation. LSA-C.Cr.P. Art. 899(A).
A warrant to revoke probation must be executed in order for such warrant to suspend the running of the probation period where the issuance and execution of the warrant could have been accomplished during the probationary period. State v. Jones, 285 So.2d 231 (La.1973); State v. Martens, 338 So.2d 95 (La.1976). When the warrant for defendant’s arrest cannot be executed, the defendant is deemed a fugitive from justice and the running of the period of probation is suspended. LSA-C. Cr.P. Art. 899(D). In order to suspend the running of the period of probation due to the inability to execute the warrant, the State must demonstrate that the failure to execute the warrant was due to the defendant’s actions in concealing himself or fleeing the jurisdiction of the court, and not the State’s inaction. State v. Rome, 392 So.2d 407 (La.1980).
In the instant case, defendant was placed on supervised probation for one year beginning on June 5,1981. Although there were two warrants issued during the one year period for the arrest of the defendant, there is no evidence in the record to show any attempt on the part of the State to execute these warrants. Likewise, there is no evidence that the State was unable to execute the warrants due to the actions of the defendant.[2] The running of defendant’s term of probation was never suspended, and the term was successfully completed on June 5,1982. Thus, the summons issued on October 13, 1982 and the subsequent probation revocation hearing were untimely-
For the foregoing reasons, the order of the court revoking defendant’s probation and the sentence imposed are vacated, and defendant is ordered released from the custody imposed by such vacated sentence.
SENTENCE VACATED.

. LSA-R.S. 40:983 provides:

. To the contrary, the record shows that the failure to execute the warrants may have been due to the State’s inaction. The arrest warrant dated December 11, 1981, stated that defendant had warrants outstanding in LaSalle Parish. Defendant apparently served time in LaSalle Parish and was sentenced on March 18, 1982. Under these circumstances, it appears that the State knew the whereabouts of the defendant and could have executed the warrants.