556 So.2d 91 (1989)
Gary Wayne PARKERSON
v.
Bruce LYNN, Secretary Department of Public Safety and Corrections.
Dennis MARX
v.
Bruce LYNN, Secretary Department of Public Safety and Corrections.
Nos. 89 CA 0841, 89 CA 0845.
Court of Appeal of Louisiana, First Circuit.
December 19, 1989.
Rehearing Denied February 8, 1990.
John Ford McWilliams, Jr., Shreveport, for plaintiff-appellee Gary Wayne Parkerson.
Walter McClatchey, Jr., Baton Rouge, for defendant-appellant Bruce Lynn, Secretary Dept. of Public Safety and Corrections.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
These cases present the issue of whether persons who commit felonies while on parole or probation lose their eligibility to receive increased diminution of sentence (known as double good time) under LSA-R.S. 15:571.14(8) on the second felony convictions.

FACTS
Gary Wayne Parkerson was on parole when he committed a second felony. His parole was revoked and he was sentenced to serve six years of imprisonment on the *92 second felony to run consecutively with the remaining time on his first conviction.[1]
Dennis Marx was on probation when he committed a second felony. His probation was revoked and he was sentenced to serve seven years of imprisonment on the second felony to run concurrently with the sentence on his prior conviction.[2]
As inmates in the custody of the Department of Public Safety and Corrections, Parkerson seeks double good time on his six year sentence received in 1985 while on parole and Marx seeks double good time on his seven year sentence received in 1983 while on probation.
Parkerson and Marx filed civil suits through applications for writs of habeas corpus against Bruce Lynn, Secretary of the Department of Public Safety and Corrections (hereinafter referred to as Department). The plaintiffs contested the Department's determination that they were not entitled to double good time regarding their second felony convictions under Regulation No. 30-9B(7)(A)(b) and (d).

TRIAL COURT JUDGMENT
Commissioner Alan Bergeron of the Nineteenth Judicial District Court heard the plaintiffs' applications and recommended to the court that Parkerson and Marx be declared eligible to receive double good time under LSA-R.S. 15:571.14 and that the Department should recalculate the plaintiffs' imprisonment, taking into consideration their eligibility for double good time.
The Commissioner interpreted LSA-R.S. 15:571.14(8) in his written recommendation. LSA-R.S. 15:571.14(8) reads as follows: "Inmates who commit and are convicted of a felony while serving a sentence for a felony shall not be eligible to earn increased good time." Pursuant to LSA-R.S. 15:571.14(9), the Secretary of the Department enacted Regulation No. 30-9B(7)(A), which states, in pertinent part:
An inmate who is serving a sentence for a crime which he committed and of which he was convicted:
(a) while in custody for a hard labor sentence,
(b) while on regular parole supervision,
(c) while on good time under parole supervision,
(d) while on probation for a felony,
(e) while on escape from a hard labor sentence.
Shall not be deemed eligible or approved to earn double good time on the aforementioned sentence(s).[3]
The Commissioner found that persons on parole and probation were not inmates serving a sentence under LSA-R.S. 15:571.14(8) and thus Regulation No. 30-9B(7)(A)(b) and (d) was an impermissible expansion of the legislative authority granted to the Department under LSA-R.S. 15:571.14(9).
The district court judge adopted the Commissioner's recommendations and rendered judgment in favor of the plaintiffs. From this judgment, the Department suspensively appeals.

*93 CONTENTIONS ON APPEAL
The Department urges the following assignments of error:
1. The district court erred in its determination that plaintiffs while on parole and probation were not inmates in the custody of the Department serving a sentence.
2. The district court erred in its determination that Department Regulation 30-9B, specifically sections 7(A)(b) and (d), fails to conform to the legislative grant of authority to the Department to establish rules and regulations regarding the earning of or failure to earn increased diminution of sentence by broadening the class of inmates excluded by LSA-R.S. 15:571.14 from eligibility to receive increased diminution of sentence.

ASSIGNMENT OF ERROR NO. 1
LSA-R.S. 15:571.14(8) states that "inmates who commit and are convicted of a felony while serving a sentence for a felony" are not eligible for double good time. Plaintiffs contend and the Commissioner found that while they were on parole and probation they were not serving a sentence. Because the phrase "serving a sentence" is not defined under LSA-R.S. 15:571.14(8), we will look to other statutes, articles of the Code of Criminal Procedure and jurisprudence to determine what constitutes service of a sentence. LSA-C.C. art. 13; see also Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984).
LSA-C.Cr.P. art. 871 defines a sentence as "the penalty imposed by the court on a defendant upon a plea of guilty, upon a verdict of guilty, or upon a judgment of guilt." The only statutes or Code articles dealing with when the execution of a sentence begins are LSA-R.S. 15:565 and 15:566.2. Both statutes deal with sentences to imprisonment; LSA-R.S. 15:565 requires the sheriff to "proceed forthwith to the execution of said sentence" once a sentence to imprisonment becomes final. LSA-R.S. 15:566.2 states:
Whenever a prisoner is sentenced to imprisonment in the state penitentiary, and has not been released on bail or perfected a suspensive appeal, such sentence shall be considered as commencing on the day following the day on which such prisoner is sentenced without regard to the actual date of incarceration in the state penitentiary.
Thus, as to sentences of imprisonment, such as Parkerson's, execution of the sentence is not dependent upon actual incarceration.
We have reviewed the jurisprudence dealing with the expiration of a sentence. This issue is discussed frequently in regards to LSA-R.S. 15:529.1, the Habitual Offender Law, which contains a five year cleansing period that begins to run from the expiration of the previous sentence. LSA-R.S. 15:529.1(C) reads as follows:
C. This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted.
In State v. Anderson, 349 So.2d 311 (La. 1977), the supreme court interpreted the phrase "expiration of the maximum sentence" for the defendant's prior offense; the court found that the sentence expired when the defendant was actually discharged from custodial supervision, rather than on the date as initially contemplated by the imposition of sentence by the court. The court discussed the parole statutes, LSA-R.S. 15:574.1-14, stating that "`the expiration of the maximum sentence' ... occurs when the convicted person is finally discharged from state supervision or custody." The court stated that a parolee is subject to the orders and supervision of the parole board and remains in the legal custody of the institution from which paroled, citing LSA-R.S. 15:574.7 A. The court went on to state that when the parolee completes his full parole term, he is to be discharged from parole. LSA-R.S. 15:574.6. The court then discussed revocation of parole and concluded:
The statutory intent, thus, is that a sentence expires when the prisoner is *94 discharged from state custody and supervision, not when the theoretical date arrives on which the initial sentence would have terminated. Thus, when the convicted person is discharged earlier (as well as later) than the expiration date of the sentence initially sentenced, then the actual maximum sentence is that determined by his date of legal discharge, whether extended through revocation of parole or shortened by law due to `good time' diminution of the initial sentence. It is not until the date of actual discharge that the individual has fully paid his debt to society, insofar as owed because of an offense for which he has been convicted.
State v. Anderson, 349 So.2d at 314.
In State v. Vincent, 387 So.2d 1097, 1102 (La. 1980), the supreme court equated the date of discharge from parole with the expiration of the maximum sentence for defendant's prior felony conviction. See also State v. Baker, 452 So.2d 737, 746 (La.App. 1st Cir.1984). In several appellate court cases, the date of the defendant's discharge from probation was determinative of commencement of the five year cleansing period. See State v. Battista, 517 So.2d 1096, 1100 (La.App. 3d Cir.1987); State v. Mistretta, 490 So.2d 462, 464-465 (La.App. 4th Cir.1986). Based on these statutes and cases, the commencement and termination of a sentence are not dependent upon incarceration, but rather upon whether the defendant is subject to penitentiary confinement and thus in custody and under supervision of the state.
A further analysis of the statutes concerning parole, LSA-R.S. 15:574.2  574.14, and the Code articles concerning probation, LSA-C.Cr.P. arts. 893-902, supports our previous statement. While a defendant is on parole, he is in the legal custody of the Department and subject to their orders and supervision. LSA-R.S. 15:574.7 A. While on parole, the parolee is subject to conditions imposed by the parole board. LSA-R.S. 15:574.4 F, H. If a parolee violates any condition, the parole board can reassert physical custody over a parolee, revoke his parole and return him to incarceration within an institution. LSA-R.S. 15:574.7, 15:574.8, 15:574.9. If the parole of the parolee is revoked, for either violation of a condition of parole or for conviction of a felony committed while on parole, the offender does not receive any credit for that portion of the sentence served on parole. LSA-R.S. 15:574.9 E, 574.10.[4] LSA-R.S. 15:574.6 regarding discharge from parole states:
The parole term, when the board orders a prisoner released on parole, shall be for the remainder of the prisoner's sentence, without any diminution of sentence for good behavior. When the parolee has completed his full parole term, he shall be discharged from parole and shall be issued a final order of discharge by the board. A copy of this order shall be sent to the Department of Corrections to be made a matter of permanent record.
Similar to parole is probation.[5] An offender convicted of a felony offense and *95 sentenced to a specific term of imprisonment may have the execution of the sentence suspended and be placed on probation for a specific term. LSA-C.Cr.P. art. 893. During the probationary period the probationer is not relieved of the service of his sentence to the Department but rather is placed under the direct supervision of the Department through its Division of Probation and Parole and must abide by the conditions imposed by the sentencing court. LSA-C.Cr.P. art. 893; LSA-C.Cr.P. art. 895. Upon a violation of any of the conditions imposed, the sentencing court may revoke the probation and thereby place the probationer within an institution of the Department; in this event the probationer, at the discretion of the court, may or may not receive credit on his sentence for the time served while on probation. LSA-C.Cr.P. art. 900(4). If a defendant's probation is revoked due to commission of another offense, the defendant is not entitled to credit for the time spent on probation or for the time lapsed during suspension of the sentence. LSA-C.Cr.P. art. 901(C)(1). Once the defendant completes his probation, he has "satisfied the sentence imposed." LSA-C.Cr.P. art. 898.[6]
The Commissioner reasoned that offenders who committed crimes while on probation and parole were not serving sentences because, according to the statutes and Code articles on probation and parole, if these offenders' parole or probation were revoked, they were not entitled to credit on their sentences for the time spent on parole or probation. He apparently reasoned that this result would not follow if the probation and/or parole was part of the sentence. We disagree with this reasoning.
The purposes of parole and probation are for the rehabilitation of the criminal and are acts of grace to one convicted of a crime. See State v. Gordon, 214 La. 822, 38 So.2d 794, 796 (La.1949). Because parole and/or probation are less restrictive on the offender's freedom than penal incarceration, and are acts of grace to the offender, violation of parole and/or probation has consequences such as no entitlement to credit against the offender's sentence for the time spent on probation and/or parole. Yet, the time the offender spends on parole or probation is still a part of his sentence since he is in the legal custody of the Department while on parole or probation and subject to custodial supervision at any time.
The plaintiffs in brief mainly contend that a sentence is only being served while an offender is physically incarcerated. As a review of the law has shown, a sentence is being served whenever the offender is in the physical or legal custody of the Department; an offender is in the legal custody of the Department when he is on probation or parole. If the plaintiffs' contention were correct, only those offenders who commit a felony while physically incarcerated would be ineligible for double good time. Because an award of double good time provides an accelerated early release from physical incarceration it is illogical to make those offenders who have shown themselves on prior occasions to be poor prospects for release from physical incarceration eligible for double good time. Because good time has as one of its purposes to promote self improvement, it defeats that purpose to allow the plaintiffs, who are repeat offenders, to receive double good time. See McCormick v. Hunt, 328 So.2d 140, 143 (La.1976). For these reasons, Assignment of Error No. 1 has merit.

ASSIGNMENT OF ERROR NO. 2
We have determined that the plaintiffs are not eligible for double good time under LSA-R.S. 15:571.14(8) because they committed felonies while serving sentences.
*96 At oral argument, the attorney for the Department admitted that Regulation No. 30-9B(7)(A), sections (b) and (d), establishes eligibility for double good time. This goes well beyond the legislative mandate of LSA-R.S. 15:571.14(9), giving the Department the authority to establish rules and regulations with respect to the earning of double good time; however, because these plaintiffs were not eligible for double good time, its application to them was harmless. This Assignment of Error has no merit.
For these reasons, the judgment of the trial court is reversed. The matters herein are res nova and litigation of same is equally advantageous to the Department and the plaintiffs. Since the plaintiffs are indigent, equity demands that the assessment of costs be against the Department. Therefore, pursuant to the provisions of LSA-C. C.P. art. 2164 we assess costs of this appeal in the amount of $190.53 against the Department.
REVERSED.
NOTES
[1] On May 29, 1981, Parkerson was sentenced to serve three years of imprisonment for his felony conviction of production of marijuana. On October 27, 1982, he was released on parole. On January 21, 1985, he was sentenced to serve six years of imprisonment pursuant to his felony conviction of possession of a firearm by a convicted felon; the six year sentence was to run consecutively with the remainder of the prior three year sentence. As a consequence of the felony committed while on parole, Parkerson's parole was automatically revoked in January, 1985.
[2] On March 10, 1981, Marx was sentenced to serve three years imprisonment for his felony conviction of possession of a controlled dangerous substance (LSD). Execution of the sentence was suspended and Marx was placed on probation for five years. On June 20, 1983, while on probation, he was sentenced to serve seven years imprisonment for a felony conviction of simple burglary; this sentence was ordered to run concurrently with the prior three year sentence. On April 19, 1984, Marx's probation was revoked. On September 25, 1986, he was released on parole; on February 24, 1988, his parole was revoked.
[3] LSA-R.S. 15:571.14(9) reads as follows:

(9) The secretary may establish rules and regulations with respect to the earning of or failure to earn increased good time.
[4] LSA-R.S. 15:574.9(E) reads as follows:

E. When the parole of a parolee has been revoked by the board for the violation of the conditions of parole, the parolee shall be returned to the physical custody of the Department of Public Safety and Corrections, office of corrections services, and serve the remainder of his sentence as of the date of his release on parole, subject to consideration by the board of any commutation of the sentence, and any diminution of sentence earned for good behavior while in the institution. The parolee shall be given credit for time served prior to the revocation hearing whether such time is served in a local detention facility, state institution, or out-of-state institution, except that the parolee shall not receive credit for such time served prior to the revocation hearing where such hearing does not result in revocation, or the revocation is based on the subsequent conviction of a crime, in which case the parolee will receive credit for time served for the subsequent conviction pursuant to Code of Criminal Procedure Article 880.
[5] In an excellent law review article, D. Wilson, The Louisiana Criminal Code, Making the Punishment Fit the Crime, 5 La.L.Rev. 53, 67 (1942), the main differences between parole and probation were set forth:

[P]arole presupposes a period of incarceration before the prisoner is released under supervision, while the person granted probation is not required to be imprisoned. Probation is granted by the court as a part of the sentence. Parole is granted by a board in the executive branch of government after custody of the prisoner has been turned over to the prison officials.
[6] LSA-C.Cr.P. art. 897 provides for an earlier discharge from probation. It reads:

In a felony case the court may terminate the defendant's probation and discharge him at any time after the expiration of one year of probation.
In a misdemeanor case the court may terminate the defendant's suspended sentence or probation and discharge him at any time.