FOIL, Judge.
At issue in this appeal is whether a parolee, who commits, a felony while on parole, is “serving a sentence” so as to be statutorily ineligible to receive increased diminution of his sentence on the subsequent felony offense. We hold that a parolee is “serving a sentence” and is therefore not entitled to increased diminution of a sentence received for a felony committed while on parole, and reverse the trial court’s resolution of this issue.
FACTS
Billy Ray Ford, a prisoner in the custody of the Department of Public Safety and Corrections (Department), brought this action seeking release from prison, contending he was erroneously denied increased diminution of his sentence by the Department. The record shows that in 1977, Ford was convicted of a felony in Mississippi and was imprisoned there. He was released from prison on parole in 1980. While still on parole, in 1983, Ford committed and was convicted of two felonies in Louisiana. Specifically, he was convicted of simple burglary and unauthorized use of a movable, and was sentenced to the Department to serve terms of 10 and 3 years for the convictions.
In June, 1988, Ford filed a request with the Department seeking to be declared eligible to receive increased diminution of his sentence, commonly referred to as “double good time.” At each of three levels in the Department’s administrative review process, Ford was declared ineligible on the basis of La.R.S. 15:571.14(8), which states, “[ijnmates who commit and are convicted of a felony while serving a sentence for a felony shall not be eligible to earn increased good time.” Additionally, Ford was denied eligibility on the basis of the Department’s rule which specifically prohibits its inmates who are serving a sentence for a felony committed while on parole from earning increased good time.
Ford filed a writ of habeas corpus, challenging the Department’s denial of his eligibility to earn double good time, and a Commissioner was appointed to hear the case. The Commissioner found the facts and issues were virtually identical to those presented in the case of Dennis Marx v. Bruce Lynn, Secretary, Department of Public Safety and Corrections, and adopted his recommendation in that case.[1] In essence, the Commissioner ruled that a person who commits a crime while either on parole or on probation is not statutorily ineligible for increased diminution of his sentence under La.R.S. 15:571.14(8) because he is not an “inmate serving a sentence” at the time of the commission of the subsequent felony. He further found that the delegation to the Department of the authority to “establish rules and regulations with respect to the earning of or the failure to earn increased good time” under La.R.S. 15:571.14(9) did not include the power to declare certain classes of inmates ineligible for increased diminution of sentence. The trial court adopted the Commissioner’s interpretation of the law, and ordered that Ford’s ineligibility under La.R.S. 15:571.14(8) be removed. The Department took this appeal, challenging the court’s construction of La.R.S. 15:571.14(8) and (9).
DISCUSSION
At the outset, we reject the lower court’s interpretation of the word “inmates” in La. R.S. 15:571.14(8). The trial court concluded that by the use of this term the legislature intended to exempt only those persons who committed the subsequent felony while serving as an inmate in a correctional institution. Thus, under this construction, only *560 those persons who commit felonies while institutionally confined fall under the ineligibility provision. Ford was declared not ineligible under this provision because he was not an “inmate serving a sentence” at the time of the commission of the subsequent felonies. The use of the term “inmate” or “inmates” throughout the double good time provision, La.R.S. 15:571.14, is clearly referring to the prisoner, or candidate, who is currently incarcerated in the Department’s correctional system, and who is currently seeking increased diminution of his sentence. For instance, in establishing the criteria for eligibility for double good time under La.R.S. 15:571.14, the legislature employed the following language:
§ 571.14 Increased diminution of sentence for good behavior
Notwithstanding any other provision of this Part, inmates who meet the criteria of this Section may receive increased diminution of sentence for good behavior, hereinafter referred to as “good time”. The granting of this option shall be governed by the following provisions:
(1) The inmate must have been committed to the Department of Public Safety and Corrections.
(2) The inmate must be eligible to receive good time.
(3) No inmate who opts for increased good time may receive incentive wages.
[[Image here]]
Reading La.R.S. 15:571.14 as a whole, it is obvious that the use of the term “inmates” in paragraph 8 of that provision merely refers to the prisoner who is currently seeking increased diminution of his sentence. La.R.S. 15:571.14(8) does not mandate that the subsequent felony be committed while the candidate is an inmate in the correctional system. It does require, however, that the subsequent felony be committed while the person seeking increased good time was “serving a sentence” for a felony. The issue therefore, is whether a parolee is “serving a sentence” so as to be statutorily ineligible for double good time on a subsequent felony offense committed during the parole term.
This Court answered this question in the affirmative in Parkerson v. Bruce Lynn, Secretary of Department of Public Safety and Corrections, 556 So.2d 91 (La.App. 1st Cir.1989). In Parkerson, two consolidated cases presented the issues of whether persons who commit felonies while on parole or probation lose their eligibility to receive double good time under La.R.S. 15:571.-14(8) on their second felony convictions. Noting that the phrase “serving a sentence” is not defined in the double good time statute, this court looked to statutes, articles of the Code of Criminal Procedure and the jurisprudence in order to determine what constitutes service of a sentence. In analyzing the jurisprudence, and particularly the statutory provisions governing parole, La.R.S. 15:574.2-574.14, this court concluded that a parolee is “serving a sentence.” We adopt the reasoning employed in Parkerson in holding Ford is ineligible for double good time under La.R.S. 15:571.-14(8), and add the following observations regarding the nature of parole in support of the conclusion that a parolee is “serving a sentence” while on parole.
La.R.S. 15:574.11 defines parole as “an administrative device for the rehabilitation of prisoners under supervised freedom from actual restraint_” The term “parole” is defined in the jurisprudence as “the conditional release of a convict before the expiration of his term, subject to the continuing supervision of the appropriate public authority and to return to imprisonment if the parolee violates a condition of parole.” Taylor v. United States Parole Commission, 734 F.2d 1152, 1153 (6th Cir.1984). In discussing the function of parole, the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 477, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484, (1972), stated: “[t]he essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence.” Parole is not a suspension of a sentence but rather is a substitution of a different form of rehabilitation. Nuccio v. Heyd, 299 F.Supp. 939, 941 (E.D.La.1969). Significantly, parole is merely a “correctional device authorizing service of a sen *561 tence outside the penitentiary.” Davidson v. United States, 598 F.Supp. 926, 928 (N.D.Ind.1984). Clearly, a parolee continues to serve his sentence, through a different rehabilitative device, until the balance of his sentence is served. La.R.S. 15:574.6.
Based on the foregoing, we conclude that when Ford committed the subsequent felonies in Louisiana while on parole for a felony, he was still serving his sentence for the felony committed in Mississippi, and is therefore ineligible to receive increased good time under La.R.S. 15:571.14(8). Because Ford is statutorily ineligible to receive increased diminution of his sentence on the subsequent felony conviction, we need not decide whether the Department’s regulation prohibiting persons such as Ford from earning increased good time is beyond the scope of authority delegated to it under La.R.S. 15:571.14(9). Accordingly, the decision of the trial court is reversed, and the Department’s declaration of Ford’s ineligibility to receive increased diminution of his sentence, on the basis of La.R.S. 15:571.14(8), is reinstated.
REVERSED.

. At issue in the Marx case was whether Marx, who committed a felony while on probation for a felony, was ineligible to receive increased diminution of his sentence on the subsequent felony conviction. This court addressed this issue in a consolidated decision. See Parkerson v. Bruce Lynn, Secretary, Department of Public Safety and Corrections, 556 So.2d 91 (La.App. 1st Cir. 1989). This court held Marx was ineligible to receive double good time, holding the subsequent felony offense was committed while he was “serving a sentence” for a felony.