|,PETERS, J.
Jerry Chaisson filed this supervisory writ application, seeking to reverse the trial court’s judgment revoking his probation. Chaisson asserts that the motion to revoke his probation was filed after he had completed his five-year probationary sentence, and therefore, the trial court had no authority to proceed with the probation revocation action.
On March 20, 1992, Chaisson entered a guilty plea to two counts of distribution of methylphenidate, a Schedule II drug as defined by La.R.S. 40:964(C)(4), a violation of La.R.S. 40:967(A)(1). On the same day, the trial court sentenced Chaisson to serve eight years at hard labor on each count with the sentences to run concurrently. The trial court then suspended five of the eight years and placed the defendant on five years active supervised probation. At the sentencing proceedings, both Chaisson and the state acknowledged that the entered plea resulted from plea negotiations and that the sentence imposed complied with the agreed upon terms. As to the date Chaisson’s probation was to begin, the trial .court stated it was to begin when he was “released.”
| ;>Chaisson began serving the incarceration portion of his sentence on May 15, 1992, and was paroled on May 15, 1993. The record before us is silent as to when he was released from parole. By a letter dated August 28, 1998 and addressed to the trial court, Chaisson’s probation officer informed the trial court of the following:
This is to inform the Court that on 8/19/98 [Chaisson] was arrested for Sim- *776 pie Battery and bonded out of jail. On 8/20/98 [Chaisson] was again arrested by the Evangeline Parish Sheriffs Office and charged with Indecent Behavior with a Juvenile. He was detained and the preliminary hearing process is in progress. A revocation hearing will be scheduled in the near future.
The trial court revoked Chaisson’s probation at a hearing held December 15, 1998. At the hearing, the state asserted that the arrests for indecent behavior with a juvenile and simple battery were violations of Chaisson’s condition of probation that he refrain from criminal activity. Additionally, although the August 28, 1998 letter to the trial court did not mention other violations, Chaisson’s probation officer testified that Chaisson had violated two other conditions of probation in that he failed to report to his probation officer between January and May of 1998 and that he failed to file the required monthly reports during the same period. Without specifying which violations it relied on, the trial court revoked Chaisson’s probation and ordered him to serve the remainder of his original sentence.
On January 7, 1999, Chaisson filed a motion to vacate his probation revocation, asserting that his probation term had expired on May 15, 1998 and that the motion to revoke his probation was not timely filed. Chaisson bases his argument on the trial court’s statement at his sentencing that his probation period would begin upon his “release.” He asserts that his “release” occurred on May 15, 1993, when he was released on parole. Thus, according to Chaisson, he completed the probation requirements of the sentence five years later on May 15,1998.
laWhen Chaisson began serving the incarceration portion of his sentence, he was placed in the custody of the Louisiana Department of Public Safety and Corrections (DOC). La.R.S. 15:824(A). His release on parole constituted only release from DOC’s physical custody, as he remained in the legal custody of DOC. La.R.S. 15:574.7(A). In State v. Bradley, 99-364 (La.App. 3 Cir. 11/03/99); 746 So.2d 263, an opinion released this day, we rejected an argument similar to that of Chaisson (although advanced by the state rather than the defendant) and concluded that when the trial court is silent as to the beginning date of the probation period of a split sentence, the probation period begins upon release from DOC’s legal custody and not from its physical custody. The same conclusion would normally apply where the trial court simply refers to a defendant’s “release.”
However, we also note that the trial court is not prohibited from fashioning any type of sentence which includes an overlap of probation and parole or even probation and incarceration. The facts in this case indicate such an overlap. At oral argument, the state acknowledged that the March 20, 1992 plea bargain included an understanding by both the state and Chaisson that his probation would begin to run upon his physical release from incarceration. Given that admission on the part of the state, we can only conclude that Chaisson’s probationary period began May 15, 1993 and had expired when he committed the criminal acts used as the basis of the revocation.
Upon completion of the period of suspension of sentence or probation, or an earlier discharge of the defendant pursuant to Article 897, the defendant shall have satisfied the sentence imposed. Where part of a sentence is suspended, this provision shall not apply until the unsuspended part has been satisfied.
La.Code Crim.P. art. 898.
I/Thus, we find that the trial court had no authority to revoke Chaisson’s probation for the August 1998 criminal acts.
The reporting violations occurred while Chaisson was still on probation. However, the state took no action to revoke Chaisson’s probation based on these violations until August 28, 1998, over three months after completion of the probation period. It is the state’s burden to estab *777 lish that the failure to act prior to the running of the probation period was due to the probationer’s actions. State v. Weysham, 410 So.2d 1104 (La.1982); State v. Savoy, 429 So.2d 542 (La.App. 3 Cir.1983). In this case, the state did not overcome that burden, and therefore, the reporting failures cannot be used to revoke Chais-son’s probation as well.
DISPOSITION
For the foregoing reasons, we grant Jerry Chaisson’s writ application and reverse the trial court’s ruling revoking his probation and ordering him to serve the remainder of his original sentence. We order Jerry Chaisson released from incarceration on this charge.
WRIT GRANTED AND MADE PEREMPTORY.