JgGONZALES, J.
We granted certiorari in this application for supervisory writs to determine whether the district court erred in denying relator’s motion to vacate his probation revocation.
FACTS
In accordance with a plea bargain, relator pled guilty on February 8, 1994, to five counts of distribution of cocaine, which were charged under two bills of information. In exchange, the State agreed not to prosecute charges of illegal carrying of weapons and disturbing the peace, nor to charge relator as a habitual offender. Pursuant to the plea agreement, the trial court sentenced relator under bill of information number 10216 (charging him with one count of distribution) to prison for five years at hard labor. On count one of bill of information number 10704, the court sentenced relator to imprisonment at hard labor for five years, but suspended all but one year of the sentence, with relator to be placed on probation for the balance of the sentence. On each of the other three distribution counts charged under bill of information number 10704, the court sentenced relator to prison at hard labor for five years, but suspended the sentences, with relator to be placed on active probation for five years. The court further ordered that the sentences were to be consecutive and the probationary periods concurrent.
Relator was released on parole in August, 1996, after serving only a portion of the unsuspended part of his sentences. He was advised by his parole officer at a meeting on August 30, 1996, that his parole and probation would be concurrent, and signed a document delineating the conditions of his probation on that date. However, relator was arrested in January of 1997, on charges of aggravated assault, possession of a stolen gun, and possession of a gun by a convicted felon. It appears he was convicted on the aggravated assault and possession of stolen gun charges, and the State dismissed the felon in possession of a firearm charge. As a result of these new offenses, relator’s probation was revoked on April 15,1997.
In November of 1999, relator filed a motion to vacate his probation | ^revocation based on the argument that he could not have violated the conditions of his probation because he was not on probation at the time the new offenses were committed. Specifically, he argued that, because the trial court did not state when probation was to begin, it did not begin until he had served the entire unsuspended portion of the split sentences imposed by the trial court, i.e., a total of six years. He further *4 maintained that, because he was still in the legal custody of the Department of Corrections (DOC) while on parole for the remaining portion of the six years, he was still serving that part of his sentences at the time of the new offenses. Since he had not completed the unsuspended portion of his sentences, relator argued his probation had not begun at that point. Following the denial of his motion to vacate the probation revocation, relator filed the instant writ application reiterating the arguments made to the district court regarding split sentences and “legal custody.”
DISCUSSION
Initially, we note that relator’s underlying argument that he was still serving the unsuspended portion of his sentences while on parole is correct. Although it did not deal with a situation involving split sentences, in Parkerson v. Lynn, 556 So.2d 91 (La.App. 1 Cir.1989), writ denied, 568 So.2d 1151 (La.1990), this court held that the time a defendant “spends on parole or probation is still a part of his sentence since he is in the legal custody of the Department while on parole or probation and subject to custodial supervision at any time.”[1] Parkerson, 556 So.2d at 95. Thus, a defendant is still serving a sentence while he is on parole. See also La.R.S. 15:574.7(A).
The Louisiana Third Circuit Court of Appeal dealt more directly with the issues raised by split sentences in State v. Bradley, 99-364 (La.App. 3 Cir. 11/3/99), 746 So.2d 263. In that case, the defendant sought review of the district court’s judgment denying his motion to quash a probation revocation proceeding filed against him based on the | ¿commission of new offenses. Bradley claimed that his probation had not started to run when he committed the new felonies. The sentencing court in Bradley had suspended eight years on each of two concurrent ten-year sentences, placing Bradley on five years supervised probation. Approximately one month after he began serving his two-year term of imprisonment, a State probation and parole officer presented Bradley with a “Conditions of Probation” document which he signed, acknowledging his probation conditions. Two months later, he was released on parole. Shortly thereafter, while still on parole, Bradley was arrested for several felonies. When the State filed a motion to revoke Bradley’s probation, he filed a motion to quash, arguing the court had no authority to proceed with the probation revocation proceedings because he was not on probation when he committed the new crimes. Bradley, 746 So.2d at 265.
Finding no direct statutory or jurisprudential guidance addressing the issues raised, the Bradley court evaluated the statutory relationship between custodial sentences, probationary sentences, and those which include both custodial and probationary terms. In particular, the court noted that the trial court has no authority with regard to the parole portion of the sentence, lacking authority to impose conditions on parole, since such authority resides with the parole board. On the other hand, “probation envisions control by the trial court over the suspended portion of the sentence.” Bradley, 746 So.2d at 267.
*5 Rejecting the State’s argument that the probation was to begin “immediately after incarceration” as well as DOC’s “office policy” to assume probationary supervision the date the prisoner is released from incarceration or released on parole, the Bradley court, 746 So.2d at 269, held:
[ W]hen the trial court renders a sentence containing both incarceration and probationary terms and fails to state when the defendant’s probation begins, the period of probation begins upon the defendant’s release from both the physical and legal custody of DOC, i.e., if the defendant serves the whole of the term of incarceration to which he was sentenced, then the probated portion of his sentence begins to run on the date of his release from prison. However, if the defendant is released before he serves the whole of the term of incarceration to which he was sentenced, he is on parole for the remainder of the term to which he was to be incarcerated, and the probated portion of his sentence does not begin to run until he completes his period of parole.
ftOn the same date it rendered Bradley, the Louisiana Third Circuit Court of Appeal also decided State v. Chaisson, 99-177 (La.App. 3 Cir. 11/3/99), 746 So.2d 774. In Chaisson, the third circuit noted its holding in Bradley that, when the trial court is silent on the issue, the probationary period of a split sentence begins upon the defendant’s release from both DOC’s physical and legal custody, normally also would apply where the trial court simply states that probation is to begin upon a defendant’s “release.” However, the Chaisson court further noted that a trial court was not prohibited from fashioning a sentence which includes an overlap of probation and parole. Chaisson, 746 So.2d at 776.
In Chaisson’s case, the State agreed at oral argument that the plea bargain included an understanding by both the State and Chaisson that his probation would begin to run upon his physical release from prison. Thus, because the offenses which triggered the motion to revoke Chaisson’s probation were committed after the probationary period ended (as calculated from the date of physical release from prison), the trial court lacked authority to revoke Chaisson’s probation. Chaisson, 746 So.2d at 776. The appellate court reversed the district court’s action and ordered Chaisson’s release. Chaisson, 746 So.2d at 777.
Thus, the rule established by the combined holdings of Bradley and Chais-son is that the probation phase of a split sentence normally does not begin until a defendant’s release from DOC’s legal custody, as well as physical custody, on the unsuspended portion of the sentence, unless a different intent is indicated at the time of sentencing. Applying these precepts to the instant case, we disagree with relator’s contention that his probation had not begun when he committed the new offenses which led to the revocation of his probation. The sentencing transcript reveals that, in imposing sentence upon relator, the trial court was silent as to when probation was to begin. Normally, this fact would indicate that probation was not to begin until relator’s release from DOC’s physical and legal custody on the unsus-pended portion of the sentences, i.e., when his parole terminated. However, the transcript further reveals that it was the understanding of the | (¡court and the parties in this case that relator’s probation was to begin upon his release from physical incarceration. In setting forth the sentencing agreement pursuant to which defendant plead guilty, defense counsel specifically stated it was his understanding that “after [defendant’s] jail time is done, he is to be given five years probation.” Neither the trial court nor the State disputed the accu *6 racy of defense counsel’s statement. Thus, in accordance with the sentencing agreement, relator’s probation began concurrently with his parole upon his release from physical incarceration in August of 1996. Consequently, relator was already on probation when he committed the new offenses which resulted in the probation revocation.
For the reasons assigned, this writ application is DENIED.

. In Parlcerson, the issue presented was whether persons who committed felonies while on parole or probation lost their eligibility to receive increased diminution of sentence (known as double good time) under La.R.S. 15:571.14 on a second felony conviction. That statute (which was repealed by 1991 La. Acts No. 138, § 3) provided: “Inmates who commit and are convicted of a felony while serving a sentence for a felony shall not be eligible to earn increased good time.”